OPINION OF THE COURT
Wachtler, J.
The courts below held, correctly, that the police acted lawfully in stopping a car, placing the defendant under arrest and impounding the vehicle. In addition, after the car had been impounded the police had the right to search it to inventory its contents (South Dakota v Opperman, 428 US 364), which included a cigarette case found on the floor near the front seat. The question is whether it was proper for the police to also open the cigarette case to observe its contents as part of the inventory search.
The trial court held the search was not so authorized and accordingly suppressed the evidence and the defendant’s statements concerning it. The Appellate Division reversed and the defendant appeals.
Initially it should be emphasized that the cigarette case was not taken from the defendant’s person after he had been taken into custody (see, e.g., Gustafson v Florida, 414 US 260; Michigan v De Filippo, 443 US 31) nor was it seized at the time and place of arrest (see, e.g., Chimel v California, 395 US 752, 762; cf. People v Belton, 50 NY2d 447). The case was found in the car and it was searched after the defendant was arrested and the car had been removed to the police precinct by another officer who inventoried its contents. Thus the search cannot be said to be incident to an arrest (United States v Chadwick, 433 US 1).
As noted, the Supreme Court has upheld the right of the police to search an impounded vehicle to inventory its contents (South Dakota v Opperman, supra). The court, however, has never held or suggested that an inventory search also includes the right to open or search packages, containers, or other items found in the vehicle. Generally such an item may be removed and placed in storage “without examining its contents” (South Dakota v Opperman, supra, p 380, n 7 [Powell, J., concurring]). In fact, in subsequent cases the court has pointedly observed that the right to *42 conduct an inventory search has been held to extend only to “some integral part of the automobile”, as opposed to the contents of the items found in the vehicle (Arkansas v Sanders, 442 US 753, 763).
Although it had been thought that once an item had been taken from a car and was lawfully in police custody, it would be reasonable to expect the police to determine its contents (People v Sullivan, 29 NY2d 69, 72), recent Supreme Court decisions have undermined that assumption. It is now clear that even in cases where the seizure is based on probable cause to believe that the item taken from a vehicle contains contraband or evidence of a crime, the right to seize does not include the right to conduct a warrantless search of its contents, absent exigent circumstances (Arkansas v Sanders, supra; see, also, United States v Chadwick, supra; cf. Walter v United States, 447 US 649). Those cases would also seem to limit the scope of an inventory search. Indeed the holdings would make little sense if an item lawfully in police custody could, in any event, be opened and examined pursuant to an inventory search.
The Supreme Court has indicated that Fourth Amendment protections do not apply fully to all containers and has acknowledged that there will be “difficulties” in determining whether a particular container is entitled to such protection (Arkansas v Sanders, supra, p 764, n 13). Examples of nonprotected items would include “a kit of burglar tools or a gun case”, where the contraband nature of the contents “can be inferred from their outward appearance” (ibid.). Also unprotected would be items where the contents are exposed to “plain view” (ibid.). Beyond that the court has noted that exigent circumstances may justify a warrantless opening of a seized item, where for instance the officers have reason to believe that it contains explosives (United States v Chadwick, supra, p 15, n 9).
None of those exceptions are applicable here. The cigarette case was at least partially opaque and, concededly, the officer was unable to determine its contents, other than to note that it propably did not contain cigarettes. Neither was the contraband nature of the contents evident from the outward appearance of the case. Finally, there was no *43 suggestion that it contained anything imminently dangerous nor was there any showing of any other exigent circumstances to justify the warrantless search of the cigarette case.
Accordingly, the order of the Appellate Division should be reversed and the case remitted to the Appellate Division for review of the facts.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Fuchsberg and Meyer concur.
Order reversed and the case remitted to the Appellate Division, Second Department, for further proceedings in accordance with the opinion herein.