■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v PAUL WILLIAM ESTENSON, Respondent. — Order unanimously modified and, as modified, affirmed in accordance with the following memorandum: The court below granted defendant's motion to suppress two loaded handguns taken from his luggage at the airport and cocaine seized at police headquarters. We reverse that part of the order suppressing the handguns. Subdivision b of section 265.20 of the Penal Law exempts from arrest any person who voluntarily delivers a weapon to a police officer under circumstances not suspicious, peculiar or involving the commission of any crime. The court, in suppressing the handguns, held that they were voluntarily delivered to a police officer within the meaning of that subdivision. The exemption created by that subdivision was enacted for the purpose of protecting a person who innocently comes into possession of a weapon and who voluntarily turns it over to a police officer (see Governor's Bill Jacket, L 1940, ch 259, to the Governor from Assemblyman Fred G. Morritt, sponsor of the bill; *People v Rosen,* 74 NYS2d 624, 627). Here, because of defendant's late arrival for his flight, his luggage was brought directly to the airport security checkpoint. The screening device employed at that checkpoint would have detected the presence of the two loaded handguns which were concealed in defendant's suitbag. There is no showing that defendant voluntarily revealed the presence of the handguns; the evidence indicates he did so only because he felt compelled to under the circumstances. After revealing their presence, defendant did not offer to deliver or surrender the handguns to the police. Rather, the record shows he intended to have them placed, along with the rest of his luggage, in the cargo hold of the plane, and then regain their possession at the flight's end. This was not a voluntary surrender of weapons within the intendment of the statute. Moreover, the circumstances surrounding the possession of these loaded handguns were suspicious and peculiar (see *People v Robbins,* 190 Misc 767, 769). We conclude that the defendant is not exempt from, and may be prosecuted for, the charge of criminal possession of a weapon in the third degree. In any event, the handguns were not obtained by means of an unlawful search and seizure and they should not, therefore, have been suppressed (CPL 710.20, subd 1). The court properly granted the motion to supppress the cocaine. The search of defendant's luggage at police headquarters cannot be justified as a search incident to an arrest (see *United States v Chadwick* 433 US 1) or as part of an inventory search (see *People v Roman,* 53 NY2d 39). The order appealed from is modified by striking therefrom that part suppressing the handguns seized at the airport, and, as so modified, affirmed. (Appeal from order of Supreme Court, Erie County, Mattina, J. — suppression.) Present — Simons, J. P., Callahan, Denman, Boomer and Moule, JJ.