OPINION OF THE COURT
Edward A. Baker, J.
The defendant has moved to suppress marihuana found in a paper bag in the trunk of his car after his arrest for driving while under the influence of drugs.
At a hearing the People called the arresting officer. He was the only witness and the court finds his testimony to be credible. Based upon the testimony of this witness the court makes the following findings of fact:
On December 26,1981 New York State Trooper Stephen Melnyk observed a 1982 Mercury Lynx in the fourth (passing) lane of the Southern State Parkway traveling east at 35 to 40 miles per hour and weaving from side to side within the lane.
*1033 The trooper followed the vehicle as it pulled off to the left into a gas station, around to the west-bound side and parked. The driver got out of the car and staggered toward the gas station building. When the officer approached the operater, the operator was unable to stand without support and his eyes were blurry and watery. When questioned the operator appeared confused about his whereabouts.
After the trooper requested the operator’s license, registration and insurance, the operator returned to his vehicle and withdrew a white envelope from the glove compartment. The envelope contained a rental slip, a photocopy of a registration (not in defendant’s name), no license and a large “wad” of money.
The trooper had the defendant perform a performance test which he failed. He was then arrested and handcuffed.
The trooper further testified that he advised the defendant of his rights from a card and the defendant indicated he understood them. He then asked the defendant for the keys to the car so it might be impounded, and that he needed the key to inventory the car and trunk. The defendant objected to the search and the officer removed the keys from the ignition. The officer removed the envelope with the money (about $2,000) from the glove compartment. He placed the defendant in the police car, called for assistance to impound the vehicle, and proceeded with his inventory. During the search of the vehicle he used an impound slip.
The officer testified it is normal procedure to impound a car if it will be left unattended on a highway after the arrest of the driver, and that when a car is impounded it is also normal procedure to inventory the car.
Prior to the arrival of the tow truck the trooper proceeded to search the trunk of the vehicle. He smelled a strong chemical odor upon opening the trunk. He then noticed a brown paper bag sitting upright in the trunk with the top crushed down and open. The trooper noted that the bag emitted a strong odor. He checked the contents of the bag and discovered clear plastic bags within the paper bag. Defendant, in response to a question by the trooper, stated the bag contained marihuana.
*1034 The vehicle was eventually towed to Valley Stream and searched for further contraband.
CONCLUSIONS OF LAW
The defendant does not contend in his memorandum of law that the arrest was not based on probable cause, and the court agrees that the observations made by the trooper of the movement of the defendant’s vehicle and of the defendant justified the arrest.
The question thus presented to the court is the validity of the search.
There is no question that the police may search an impounded vehicle to inventory its contents (South Dakota v Opperman, 428 US 364; People v Roman, 53 NY2d 39).
The defendant contends that this search was not an inventory search but a purposeful search for contraband without probable cause; that a proper inventory search should be conducted at the place of impound and that the search conducted here, prior to impound, reflects an intentional search not an inventory.
The court finds no requirement in case law that an inventory be conducted after a car has been removed from the scene. The fact that an officer starts to inventory a vehicle prior to its being towed does not affect the efficacy of the inventory, nor does it convert a valid inventory into an illegal search. The court finds that the car could be lawfully impounded and removed from the scene. In light of such finding the police had not only the duty but the obligation to inventory the vehicle and protect its contents from theft or destruction.
The next issue raised by defense counsel is that even if the inventory search was valid, the opening of a closed container is not permitted within the parameters of an inventory search (People v Roman, 53 NY2d 39, supra).
Initially the court finds that the bag in question, which was found to contain the marihuana, was open when seized by the trooper. There was no evidence produced to contradict the testimony of the officer and the court has found said testimony credible.
*1035 Within this open paper bag the officer discovered plastic packages which the defendant said contained marihuana. Even without the defendant’s statement, the odor in the trunk combined with the appearance of the material provided probable cause for its seizure at this time.
The defendant in his brief, written before the hearing, has assumed that the bag was closed. Though the court has made a different finding of fact, it will examine the issue raised by the defendant.
The defendant has based his position on People v Roman (supra). However, he has overlooked the material that formed the foundation for Roman.
“Although it had been thought that once an item had been taken from a car and was lawfully in police custody, it would be reasonable to expect the police to determine its contents (People v Sullivan, 29 NY2d 69, 72), recent Supreme Court decisions have undermined that assumption. It is now clear that even in cases where the seizure is based on probable cause to believe that the item taken from a vehicle contains contraband or evidence of a crime, the right to seize does not include the right to conduct a warrantless search of its contents, absent exigent circumstances (Arkansas v Sanders, supra; see, also, United States v Chadwick, supra; cf. Walter v United States, 447 US 649). Those cases would also seem to limit the scope of an inventory search. Indeed the holdings would make little sense if an item lawfully in police custody could, in any event, be opened and examined pursuant to an inventory search.” (People v Roman, supra, p 42.)
It is apparent to this court that the reason the Court of Appeals prevented the search of the cigarette case after the inventory of the car was due to its view of the existing law which it believed required a warrant to search the packages.
The law relied upon in Roman has now changed.
In United States v Ross (_ US _, 50 USLW 4580) the Supreme Court has essentially answered the question “whether, in the course of a legitimate warrantless search of an automobile, police are entitled to open containers found within the vehicle * * * Its answer is determined by *1036 the scope of the search that is authorized by the exception to the warrant requirement set forth in Carroll ” (United, States v Ross, _ US 50 USLW 4580, 4585-4586.)
The court then went on to" review Carroll and other Supreme Court decisions in the area, showing that the scope of the search in these cases had never been in issue, If there' was probable cause to search a trunk for illegal alcohol then no one questioned the right to open the paper bags in the trunk.
“When a legitimate search is under way, and when its purpose and its limits have been precisely defined, nice distinctions between closets, drawers, and containers, in the case of a home, or between glove compartments, upholstered seats, trunks, and wrapped packages, in the case of a vehicle, must give way to the interest in the prompt and efficient completion of the task at hand * * *
“The scope of a warrantless search of an automobile thus is not defined by the nature of the container in which the contraband is secreted. Rather, it is defined by the object of the search and the places in which there is probable cause to believe that it may be found.” (United States v Ross, _ US _, _, 50 USLW 4580, 4586-4587.)
“It is manifest that in inspecting vehicles they take into their custody, in the absence of drivers, the police are not seeking evidence of crime but are pursuing precautions which any bailees of personal property would be expected to take as a matter of reasonable care for the benefit of the absent owner of the vehicle and as a safeguard against claims of loss or damage which could be alleged against the city * * *
“[Ajssuming the custody itself to be lawful * * * then thorough examination of the car in such custody for the protection of both owner and custodial bailee is not an ‘unreasonable’ search but by any standard reasonable within the Fourth Amendment.” (People v Sullivan, 29 NY2d 69, 71-72, supra.)
An inventory search is a legitimate search. Its purposes are clearly defined. The only logical way that the objective purpose of such a search can be fulfilled is to allow the opening of containers pursuant to the inventory. The Su *1037 preme Court has now recognized the right of the police to search a container found in a vehicle if they have the probable cause to search the vehicle initially. It is the opinion of this court that the decision in Ross has weakened the underpinnings of Roman to such an extent that Roman would be decided differently today. The “reasonableness” of the Sullivan decision referred to by the Court of Appeals in Roman could once again become the law in this area.
Though R oss has effectively eliminated the “nature of container” analysis in probable cause searches it still may be viable in inventory searches (see United States v Ross, _ US _, _, 50 USLW 4580, 4583, n 11, supra). If such be the case courts have found little or no expectation of privacy in a paper bag. (United States v Moore, 463 F Supp 1266 [shopping bag]; United States v Mannino, 635 F2d 110 [plastic bag]; United States v Goshorn, 628 F2d 697 [paper bag].) Therefore, the court finds that even if the bag was closed, the police conducting a valid inventory search could open it to determine its contents.
The third point raised by the defendant is the lack of probable cause to search the vehicle as incident to the arrest of the defendant. Though there may be some validity to a probable cause analysis of this situation, it was not articulated at the hearing and the court finds it unnecessary to rule on it considering the court’s ruling on the existence of a valid inventory search.
In summary, the court finds that the marihuana seized from the trunk of the defendant’s vehicle was lawfully seized during the course of an inventory search after an arrest of the defendant for probable cause. Therefore the motion to suppress is denied.