■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS PETRIE, Appellant. — Appeal by defendant from a judgment of the County Court, Suffolk County (Seidell, J.), rendered April 18, 1980, convicting him of two counts of criminal possession of stolen property in the second degree, on his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of the defendant's motion to suppress physical evidence and written and oral statements made to the police. Judgment reversed, on the law and the facts, motion to suppress physical evidence and written and oral statements granted, plea vacated, indictment dismissed and case remitted to the County Court, Suffolk County, for the purpose of entering an order in its discretion pursuant to CPL 160.50. We hold that the evidence obtained as the result of the warrantless search of appellant's bedroom, made with the consent of appellant's brother, was the product of an illegal search. Appellant's subsequent arrest was therefore without probable cause and the statements made by appellant while he was under arrest should be suppressed as fruits of the poisonous tree. Appellant, Thomas Petrie, and his wife resided with appellant's parents and brothers at his parent's home in Central Islip, New York. They occupied one bedroom of the four bedrooms on the second floor of the house. Acting on information that appellant was in possession of stolen property, including certain stereo equipment, on January 17, 1979, at about 5:00 P.M., Detective Robert Close, accompanied by Officers Tully, Stover and Juliano, arrived at the appellant's residence. The only members of the family at home were appellant's younger brothers, 19-year-old Frank, and 17-year-old Vincent. After Detective Close explained to Frank that he wished to search appellant's room, Frank consented to the search and showed the police upstairs to the second floor of the dwelling. At the head of the stairs, Frank turned right, led the officers to appellant's room at the end of the hall and opened the unlocked door.[*] Detective Close looked into the room and saw a large speaker. After he entered the room, he found other items which had been reported as stolen. These allegedly stolen items were seized by the police. When appellant returned home shortly afterwards, he was arrested for possession of stolen

---

[*] At the hearing there was conflicting testimony as to whether the door to appellant's room was closed. The officers testified that before they entered the room, they saw certain allegedly stolen items through the open doorway. The hearing court found as a fact that the door to the room was "opened by Frank for the police." This finding is amply supported by the testimony at the hearing.

property and taken to the police station. After having been given the *Miranda* warnings, appellant admitted that he had obtained the allegedly stolen items from one David Kramhout. Holding that appellant's brother had the legal capacity to allow a search of appellant's bedroom and that appellant knowingly, voluntarily and intelligently waived his constitutional rights and consented to speak to police authorities, the court denied appellant's motion to suppress the items seized from his bedroom and his oral and written statements to the police. There should be a reversal. We note at the outset that even if the search of appellant's bedroom was conducted by the police at the *direction* of appellant's brother, the search is subject to the requirements of the Fourth Amendment (*People v Adams,* 53 NY2d 1, 7). "Third-party consent is a recognized exception to the Fourth Amendment warrant requirement (*People v Cosme,* 48 NY2d 286; *United States v Matlock,* 415 US 164). This exception requires actual consent of a person *having or reasonably appearing to have* the requisite degree of access to and control over the premises to be searched (*People v Adams,* 53 NY2d 1; *People v Cosme,* 48 NY2d 286, *supra*). Where either element is lacking, an entry and search violate the Fourth Amendment command." (*People v Henley,* 53 NY2d 403, 409, Cooke, Ch. J., dissenting; emphasis added.) As stated in *People v Adams* (*supra,* pp 9-10), the applicable principles are that: "where the searching officers rely in good faith on the apparent capability of an individual to consent to a search and the circumstances reasonably indicate that that individual does, in fact, have the authority to consent, evidence obtained as the result of such a search should not be suppressed. Application of the exclusionary rule in such instances of reasonable, good faith reliance by the police would do little in terms of deterring misconduct by the authorities in furtherance of the protections afforded by the Fourth Amendment. We emphasize that the police belief must be reasonable, based upon an objective view of the circumstances present and not upon the subjective good faith of the searching officers. Moreover, a warrantless search will not be justified merely upon a bald assertion by the consenting party that they possess the requisite authority. Nor may the police proceed without making some inquiry into the actual state of authority when they are faced with a situation which would cause a reasonable person to question the consenting party's power or control over the premises or property to be inspected. In such instances, bare reliance on the third party's authority to consent would not be reasonable and would, therefore, subject any such search to the strictures of the exclusionary rule." The People contend that since Frank Petrie acted in a manner which indicated that there was no bar to his entering any room of the family household, it was reasonable for the police to assume that he had the apparent capability to consent to the search of appellant's room. We disagree. The area searched here was not a common area of the house (cf. *United States v Matlock,* 415 US 164, 171), nor an area not specifically set aside for the appellant (cf. *United States v Modjica,* 442 F2d 920). To the contrary, it was a bedroom set aside for the appellant and his wife and, consequently, an area in which appellant had a legitimate expectation of privacy. Based on an objective view of the circumstances, any belief by the police that 19-year-old Frank had authority to consent to a search of the bedroom occupied by appellant and his wife was not reasonable. The police were faced with a situation which would cause a reasonable person to question Frank's power or control over appellant's bedroom and there were no exigent circumstances (cf. *People v Adams, supra,* p 10). Accordingly, the physical evidence seized in appellant's bedroom must be suppressed. Appellant's arrest upon his arrival home within a half hour of the improper seizure of the evidence was therefore without probable cause and the statements made by

him at the precinct while under arrest must also be suppressed as fruits of the poisonous tree (see *Wong Sun v United States,* 371 US 471). In the view we take of this case, it is unnecessary to reach the other issues raised by the appellant. Lazer, J. P., Gibbons, Gulotta and Bracken, JJ., concur.