■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL GONZALEZ, Appellant. — Judgment, Supreme Court, Bronx County (Ciparick, J., at the suppression hearing; Tonetti, J., at the trial and sentence), rendered June 11, 1980, convicting defendant following a nonjury trial, of criminal possession of a controlled substance in the fifth degree (Penal Law, former § 220.09, subd 1), and sentencing him to an indeterminate term of imprisonment of not more than three years, is affirmed. Defendant having been arrested for a traffic offense (driving with a suspended license), the police took possession of the car and drove it to the station house. During the drive to the station house, the officer saw a crumpled-up paper bag suspended by a wire from the dashboard of the car. Concededly, the police had the right to make an inventory search of the car. On such an inventory search, the police examined the contents of the crumpled-up paper bag and found cocaine. *People v Roman* (53 NY2d 39) places sharp limitation on the right of the police in making an inventory search of an automobile to conduct a warrantless search of a closed package (but cf. *United States v Ross,* 456 US 798). But here we deal with an unsealed crumpled-up paper bag. We do not see how it is possible for the police to conduct an inventory search of an automobile without looking into an unsealed crumpled-up paper bag in plain view in the car. How can the police protect themselves as bailees and the owner of the car as a bailor with respect to claims of missing property, etc., without looking into such a bag. A person who leaves such a bag in plain view in an automobile in the public street can hardly have much expectation of privacy with respect to that bag. Concur — Silverman, Bloom and Kassal, JJ.

Carro, J. P., and Fein, J., dissent in a memorandum. by Carro, J. P., as follows: In *United States v Ross* (456 US 798), the United States Supreme Court held that police officers who have legitimately stopped a car and have probable cause to believe contraband is concealed somewhere within may conduct a warrantless search of the vehicle and any containers therein. To the extent that this decision restated and explained the holding in *New York v Belton* (453 US 454),[1] it does not state the law under the New York homologue to the Fourth Amendment, the first unnumbered paragraph of section 12 of article I of the New York State Constitution.[2] (Cf. *People v Belton,* 55 NY2d 49, 50.) Still, even under Federal constitutional law the requirement that probable

1. "[W]hen a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile [and] * * * the police may also examine the contents of any containers found within the passenger compartment" (*New York v Belton,* 453 US 454, 460).

2. Both this provision and the Federal Fourth Amendment read: "The right of the people to be secure in their persons, houses, papers and effects, against unreasonable

cause be first present remains intact. (456 US, at pp 804-805, 824-825.) And though the *Ross* decision effectively overruled the law announced in *Robbins v California* (453 US 420) (see 456 US 798, 826, *supra* [White, J., dissenting]), the court carefully noted that their new rule "applies equally to all containers * * * a constitutional distinction between 'worthy' and 'unworthy' containers would be improper" (456 US, at p 822; compare *United States v Robinson,* 414 US 218 ["crumpled up cigarette package"]). Thus, under either New York or Federal precedent the search at issue here cannot be sustained unless some expansion of the "inventory" exception is to be declared. In *South Dakota v Opperman* (428 US 364, 369), the "inventory" rule was set out, footed heavily in concerns for "protection" — of the owner's property, of the police against claims or disputes over lost or stolen property, and of the police from "potential danger," as when a loaded firearm is reasonably believed to be locked in the trunk of the car. The second of these three "protective" functions of an inventory search is relied upon by the majority in today's ruling. However, as pointed out by Justice Powell in his concurring opinion (pp 378-379), "It is not clear, however, that inventories are a completely effective means of discouraging false claims, since there remains the possibility of accompanying such claims with an assertion that an item was stolen prior to the inventory or was intentionally omitted from the police records." Thus, the most compelling of the protective functions — securing the owner's property — can be the only fully logical predicate for such a search. Since "[a] search, even of an automobile, is a substantial invasion of privacy" (*United States v Ortiz,* 422 US 891, 896), and "[a]utomobile or no automobile, there must be probable cause for the search" (*Almeida-Sanchez v United States,* 413 US 266, 269) the officer here was entitled to do no more than place the wadded-up paper bag, found dangling from a wire under the dashboard, into an inventory packet and seal it. Although concededly in plain view, the bag did not make immediately apparent that it contained either evidence or contraband. (*People v Richie,* 77 AD2d 667, 668, citing to *Coolidge v New Hampshire,* 403 US 443, 466; see, also, *People v Etoll,* 51 NY2d 840.) Less than two years ago the Court of Appeals ruled the search of an opaque cigarette case, found on the floor of an inventoried car, to be beyond the scope permitted by *Opperman.* (*People v Roman,* 53 NY2d 39.) Since there was neither probable cause nor an exigent circumstance there, as here, it "would make little sense if an item lawfully in police custody could, in any event, be opened and examined pursuant to an inventory search." (53 NY2d, at p 42.) I am aware of no decision by the Court of Appeals which has undermined this holding, and because I am unable to perceive by what power we may extend the logical ends of *Opperman,* I respectfully dissent.

searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized".