■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFRED J. REMO, Appellant. — Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered June 3, 1982, upon a verdict convicting defendant of seven counts of the crime of criminal possession of stolen property in the first

degree. Defendant was charged in a seven-count indictment with the crimes of criminal possession of stolen property in the first degree. Defendant was the operator of the Port of Albany truck stop and trailer sales business. The present charges arose out of defendant's possessing various trailers and a load of Miller Lite Beer at his place of business. Defendant's motion to suppress certain tangible property seized at the truck stop was denied and, after a jury trial, defendant was found guilty as charged. The court imposed concurrent indeterminate sentences of imprisonment of two and one-third to seven years on five of the counts and two consecutive sentences of two and one-third to seven years on the remaining two counts. This appeal ensued and defendant advances several arguments urging reversal focused primarily on the legality of a series of searches and seizures made at his place of business. In response to a report from an employee at the truck stop, a police officer visited the place on the evening of April 5, 1981 and talked with the employee, Howard Van Dusen. The latter was a part-time fuel island attendant. He expressed his suspicions to the officer concerning altering and switching vehicle identification number (VIN) plates and painting of trucks. Van Dusen showed the officer such a truck in the lighted garage and a Coachman trailer parked in the open lot with an identification plate removed. The officer phoned Detective John Robert Cox who later came to the truck stop, and Van Dusen gave him permission to enter the garage with the warning not to turn on the lights. Detective Cox saw a 1978 Gel Flex trailer, with a broken hasp lock, containing a large quantity of Miller Lite Beer. On investigation, he learned that the trailer was stolen and he then obtained a search warrant which he executed on April 6, 1981. Defendant at that time consented to the search. As a result of the search, the Gel Flex trailer and beer were seized, together with the Coachman trailer. Defendant then accompanied the police to headquarters where he was arrested. Two officers remained at the truck stop overnight. The search was continued on April 7, 1981 and some improper plates were found. On checking with the F.B.I., the police learned that a Trailmobile flatbed had been stolen. About noon on that day, defendant's attorney rescinded any previous permission to search. Shortly thereafter the police seized a 1979 Budd trailer for lack of a VIN plate, making identification impossible. This seizure was made pursuant to the warrant issued the previous day. Later that evening the police, after obtaining another search warrant, seized the Trailmobile. Thereafter, the F.B.I. was granted a further search warrant and, on April 9, 1981, after a seven-hour search, seized a large inventory ranging from financial documents to lease agreements to vehicle registrations. For simplification and clarity, we will consider the various challenged searches separately, starting with the warrantless search. Such a search may be conducted upon the voluntary consent of a third person with authorized access to the area to be searched or who reasonably appears to have the requisite degree of authorized access (*People v Petrie*, 89 AD2d 910). It is fair to conclude from this record that Van Dusen gave the first police officer and Detective Cox permission to search. Defendant, however, vigorously denied having ever given Van Dusen permission to enter the garage and denied that Van Dusen had access to it except under limited circumstances. A resolution of the issue narrows to whether the police, in good faith, could reasonably conclude that Van Dusen had such authority. Considering the record in its entirety, we are of the view that the police could rely in good faith upon Van Dusen's apparent authority to consent to the search since we find nothing causing the police to question his authority (*People v Adams*, 53 NY2d 1, 8-9, cert den 454 US 854). Van Dusen testified at the suppression hearing that he had access to the garage. While defendant denied it, he did admit Van Dusen had limited access. Such merely raised questions of credibility which were resolved against defendant at the hearing.

We pass to the searches and seizures of April 6 and 7. At the outset we note that we agree with defendant that he never voluntarily consented to the searches since in each case a warrant had been obtained and defendant was not free to refuse the police officer access to the area searched (see *People v Gonzalez,* 39 NY2d 122, 128). Contrary to defendant's contention, however, these searches were not tainted by the warrantless search since we have determined such search was lawful. We also reject defendant's contention that the search of April 6 was invalid because it was a general search. While the general phrase permitted the police to search "the premises, vehicles and trailers at the Port of Albany Truck Stop", such language was subsequently delimited and circumscribed by enumerating the specific property to be searched and which was thereafter seized. The suppression court, in our opinion, properly upheld the search and seizure of the Coachman trailer on April 6 and the Budd trailer on April 7. The record demonstrates that the police were properly on the premises, the questioned property was in plain view and the police had a valid warrant. Furthermore, the seizure was justified under exigent circumstances since the property was stolen and capable of being spirited away. We arrive at the same conclusion as to the seizure of the Trailmobile which was also seized pursuant to a warrant obtained on April 7 after learning that the vehicle was stolen. The final search and seizure for consideration is that obtained and executed by the F.B.I. Again, we agree with the decision of the suppression court. Contrary to defendant's contention, this warrant did specify the offenses believed to be committed as evidenced by the F.B.I. agent's affidavit, wherein it states that the search would be of specific items of "concealed property" which are evidence of violations of certain sections of the United States Code which were enumerated. The warrant stated that it was based on "supporting affidavit(s)" which, in our view, is sufficient to sustain the warrant. We also reject defendant's contention that the warrant authorized a general search. We have considered all other arguments advanced by defendant in challenging the validity of the various searches and seizures and find them unavailing. Neither do we find that the sentences were cruel and unusual or harsh and excessive as argued by defendant. There should be an affirmance. Judgment affirmed. Sweeney, J. P., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.