Wachtler, J.
(dissenting). I would reverse the order of the Appellate Division and suppress the evidence seized from the vehicle.
In People v Roman (53 NY2d 39) we noted that the Supreme Court had never said that the right of the police to conduct an inventory of a seized vehicle included the right to open closed containers found in the vehicle. The People contend that the Supreme Court’s recent decision in Illinois v LaFayette (462 US 640, 103 S Ct 2605) now permits such a search.
The LaFayette case, however, dealt with an item taken from the defendant’s person after his arrest which was inventoried upon his arrival at the jail. Although the rationale — i.e., elimination of false claims concerning “lost” items, protection of the police from possibly dangerous items, etc. — would seem to apply equally to auto inventories, it would also seem to apply to any item lawfully in police possession, such as the luggage seized but improperly searched in United States v Chadwick (433 US 1; see, also, Arkansas v Sanders, 442 US 753).
*392 In short it appears at the present time that categories are more important than rationales and there is still no case in which the Supreme Court has authorized the opening of items found during a vehicle inventory. Thus I would reverse solely on the basis of our existing precedent (People v Roman, supra). It is often difficult enough to follow the Supreme Court’s decisions in the Fourth Amendment area without also trying to anticipate them.
Chief Judge Cooke and Judges Jasen, Jones and Kaye concur with Judge Simons; Judge Waghtler dissents and votes to reverse in a separate opinion in which Judge Meyer concurs.
Order affirmed.