■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL W. ROTH, Appellant. — Appeal from a judgment of the County Court of Albany County (Clyne, J.), rendered December 15, 1982, upon a verdict convicting defendant of the crime of criminal possession of gambling records in the first degree.

On November 24, 1981, Albany Police Officer William Georges, in his assignment to the traffic safety unit, was monitoring traffic on Interstate Route 90 in the City of Albany. During the course of these duties, Officer Georges stopped defendant, who was driving a 1975 Cadillac, for speeding. Subsequently, a computer check was made with the State Department of Motor Vehicles which revealed that defendant's driver's license was suspended and that the license plates on the 1975 Cadillac actually belonged to a 1981 Cadillac.

Therefore, Officer Georges asked defendant to follow him to the police department's traffic safety unit headquarters. Defendant did so and parked his car in front of the station. After arriving at the station and conducting an additional computer check, the officer advised defendant that his car would have to be impounded, as was the police department's policy with unreg-

istered vehicles and unlicensed drivers.* The officer then advised defendant that he could remove any personal property from the vehicle before it was impounded.

Defendant accordingly entered the automobile and, with his body positioned so as to obscure Officer Georges' view, removed an object from under the seat and appeared to place it under his jacket. Officer Georges, fearing that the object might be a weapon, ordered defendant to get out of the car. The officer then frisked defendant and found a packet of papers folded over and held together with a rubber band. After seizing the packet of papers, Officer Georges called the narcotics vice unit and two detectives from that unit identified the seized papers as gambling records.

After conducting a hearing, County Court denied defendant's motion to suppress the gambling records, finding that the officer had probable cause to detain defendant and that Officer Georges' "reasonable fear that the defendant might have obtained a gun from under the seat clearly justified his frisking the defendant". Therefore, County Court concluded that the seizure of the gambling records was proper. Defendant was found guilty by the jury of possession of gambling records in the first degree and was sentenced as a second felony offender to an indeterminate term of imprisonment with a maximum of four years and a minimum of two years. This appeal ensued.

Defendant's initial contention is that County Court erred by denying his motion to suppress the gambling records. This contention must be rejected as we find no error in the findings reached by County Court.

Defendant next argues that County Court erred when it ruled that, should defendant take the stand, the People would be allowed to offer evidence to the effect that defendant engaged in illegal bookmaking activity subsequent to the period charged in the indictment. A review of the record, however, reveals that defendant did not object to this ruling and thus failed to preserve the issue for our review.

We have reviewed defendant's remaining contentions and find, contrary to these arguments, that defendant's guilt was proven beyond a reasonable doubt and that the sentence imposed was neither harsh nor excessive.

Judgment affirmed. Kane, Casey and Levine, JJ., concur.

Mahoney, P. J., concurs in the following memorandum. Mahoney, P. J. (concurring). I do not agree that the trial court properly concluded that the search and seizure was authorized as a

---

\* In addition to the speeding ticket, Officer Georges issued four other traffic tickets. Defendant stipulated that all tickets were properly issued.

proper stop and frisk (see CPL 140.50, subd 3; *Sibron v New York,* 392 US 40; *Terry v Ohio,* 392 US 1). However, the seizure was justified, in my view, under the inevitable discovery principle. Because the police made a lawful decision to impound defendant's automobile, they had a right to conduct an inventory search *(People v Roman,* 53 NY2d 39, 41). Since the gambling records would inevitably have been discovered during an inventory search, they are not inadmissible despite the fact that the seizure from defendant may have been unlawful (see *People v Fitzpatrick,* 32 NY2d 499, 506, cert den 414 US 1033, 1050).