■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEON BELL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldman, J.), rendered November 19, 1984, convicting him of criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Alfano, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence seized by the police.

Judgment reversed, on the law, that branch of the defendant's motion which was to suppress physical evidence granted, indictment dismissed, and matter remitted to the Supreme Court, Kings County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

On October 6, 1983, the defendant and three other occupants of the automobile in which he was a passenger were stopped by the police and ordered out of the vehicle at gunpoint. One police officer directed them to put their hands on top of the car and then, spotting a small brown paper bag on the floor in the rear of the vehicle where the defendant got out, immediately proceeded to search it. After discovering foil packets in the bag containing cocaine in an aggregate weight of ⅛ of an ounce plus 53 grams, the officers arrested the occupants of the vehicle and searched their persons. One aluminum foil packet was recovered from the defendant. The charges of criminal possession of a controlled substance against the vehicle's other three occupants were dismissed.

At the defendant's suppression hearing, the arresting officer testified that he and his partner had been flagged down by an unknown and unidentified citizen who informed them that "the guys in the car had just robbed someone at gunpoint around the corner". Without obtaining any further information or the identity of the citizen informant or the alleged victim, the officers pursued the vehicle which was a block and a half away and traveling erratically. No weapon was ever recovered, and the citizen informant could not be located after the arrests. Nor did a complainant ever come forward. The arresting officer stated that he searched the brown paper bag which he described as smaller than a lunch bag and twisted closed at the top, because he felt that it might contain a weapon. He stated that he could not tell that the bag did not contain a weapon, notwithstanding its size and that it did not weigh more than 1½ ounces. He also stated that he searched the bag before frisking the occupants standing outside the car.

Finding the stop of the car lawful, based upon the officers' reasonable suspicion that the occupants had committed a crime, the suppression court denied that branch of the motion which was to suppress, based upon its finding that, as a passenger, the defendant "had no reasonable expectation of privacy in the area of the vehicle in which the brown paper bag and its contents were recovered" and, therefore, lacked standing to seek suppression of the drugs recovered from the paper bag in the vehicle.

It is well established that in order to prevail on a suppression motion, a defendant must-not only show that the police action was unlawful, but that his own 4th Amendment rights were violated, i.e., the defendant had a reasonable expectation of privacy in the area searched *(see, People v Hunter,* 55 NY2d 930; *Rakas v Illinois,* 439 US 128; *Rawlings v Kentucky,* 448 US 98). The doctrine of automatic standing is no longer valid *(see, People v Ponder,* 54 NY2d 160; *United States v Salvucci,* 448 US 83). Here, however, the paper bag was found on the floor immediately in front of where the defendant was sitting before he was ordered out of the car. There is no indication in the record that the paper bag belonged to another, and at the time of the hearing the defendant was the only person charged with its possession. Accordingly, the defendant was in fact in possession of the bag, and was not asserting the privacy interest of third persons, but rather his own *(cf. Rawlings v Kentucky, supra).*

Further, the suppression court failed to distinguish between the legitimate expectation of privacy in a closed container and the lack thereof in the passenger compartment of an automobile *(see, People v Gonzalez,* 62 NY2d 386, *affg* 92 AD2d 512 [where Court of Appeals implicitly rejected the proposition enunciated at the Appellate Division that the defendant lacked a privacy interest in a paper bag in the passenger compartment of his automobile, by addressing the merits of the defendant's contention and necessarily recognizing his legitimate expectation of privacy in the paper bag]; *cf. Rawlings v Kentucky, supra; People v Ocampo,* 129 Misc 2d 217, 220).

Turning to the second element of the 4th Amendment analysis, we conclude, and it is apparently uncontested, that the police lacked probable cause to believe that the automobile contained the fruits of a crime, or a weapon, and thus could not validly search it under the automobile exception to the warrant requirement *(see, People v Belton,* 55 NY2d 49; *cf. People v Hill,* 79 AD2d 616). Nor did they have probable cause

to arrest the defendant and conduct a search of his person incident to that arrest *(see, Chimel v California, 395 US 752).* Nor are we persuaded that the bag was accessible to the defendant, who was standing outside the automobile, and that the officer was compelled to ascertain if it contained a weapon because it threatened his safety. This contention is meritless in two regards. First, the Court of Appeals, under the New York State Constitution, has refused to depart from the spatial limitation inherent in the "grabbable area" rule of *Chimel v California (supra),* by permitting a search of an automobile as incident to a lawful arrest when the occupants are outside the automobile *(see, People v Belton, supra).* Furthermore, even if we were to find that the paper bag was accessible, upon picking it up, it would have been immediately apparent to the officer that it did not contain a weapon, and thus a search of its contents would have been unwarranted for self-protection purposes. Accordingly, having found that the defendant's legitimate expectations of privacy were invaded by an unlawful search and seizure, we reverse and grant that branch of his motion which was to suppress the physical evidence. Mangano, J. P., Gibbons, Kooper and Spatt, JJ., concur.