■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS ECHOLS, Appellant.—Yesawich, Jr., J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered December 2, 1988, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fourth degree.

At issue is the correctness of County Court's refusal to

suppress certain evidence and statements obtained after a warrantless search. On November 30, 1987, State Troopers were summoned to the parking lot of a Howard Johnson's Restaurant located in the Town of Dickinson, Broome County, to investigate a jewelry theft which allegedly occurred aboard a Rochester-bound Greyhound bus. State Trooper Stephen Green boarded the bus after the passengers had returned from the restaurant. He asked generally whether anyone on the bus would object to having their luggage or person searched. No one registered an objection.

Green then approached Raymond Mew, who was seated at the rear of the bus, alone, on a bench seat capable of holding three persons. Mew stood up and told Green that the girl who reported her jewelry as stolen had already searched him as well as his bag, whereupon Mew pointed to a blue duffel bag located on the floor near his feet. Green asked if he could look through the bag and Mew consented. After Green lifted the unzipped bag to the seat and started examining its contents, Mew declared that the bag was not his; however, Mew never withdrew his consent to inspect the bag. When Green questioned him further, Mew informed Green that the bag was already on the bus when he came on board. Green continued to search the duffel bag and discovered a white paper bag containing newspaper packets of a white powder, which later was determined to be heroin.

Shortly thereafter, Green found a second white bag, identical to the one uncovered in the blue duffel bag, under the seat in front of where Mew had been sitting; this seat was eventually identified as having been occupied by defendant. In due course, defendant was indicted for criminal possession of a controlled substance in the third and fourth degrees in violation of Penal Law § 220.16 (1) and § 220.09 (1). After a suppression hearing, County Court found that although defendant, to whom the bag belonged, had standing to object to the warrantless search, the search was nonetheless well grounded for Mew had both actual and apparent authority to consent. As a result of a plea-bargain arrangement, defendant pleaded guilty to the second count of the indictment and was sentenced to 2½ to 7½ years' incarceration. On appeal, defendant contends that County Court incorrectly denied his suppression motion. We affirm.

Defendant had standing to challenge Green's search of his blue duffel bag; an expectation that one's luggage will not be unreasonably searched is a legitimate privacy interest (see, People v Bell, 121 AD2d 455, 456; see generally, People v

*Rodriguez,* 69 NY2d 159, 162-163). And defendant's failure to assert his possessory interest in the bag at the time of the search does not, as the People suggest, preclude him from later challenging the constitutionality of the search *(see, People v Millan,* 69 NY2d 514, 518-519; *see also, People v Gonzalez,* 115 AD2d 73, 80, *affd* 68 NY2d 950).

We agree with County Court that the warrantless search was legally supportable. Although Mew did not possess actual authority to consent to a search of the bag, under the circumstances it was not unreasonable for Green to believe Mew possessed such authority *(see, People v Adams,* 53 NY2d 1, 9, *cert denied* 454 US 854; *see also, People v Remo,* 98 AD2d 843, 844). Mew was the only person near the bag, he told Green it belonged to him and he consented to a search of its contents. Green could rationally suspect that Mew's belated disclaimer of ownership was made in an effort to distance himself from the bag's contents. It is also noteworthy that throughout the police confrontation with Mew, defendant voiced no disagreement with Mew's possessory statements.

Judgment affirmed. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.