■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TOMMIE BOSTIC, Appellant. (Appeal No. 1.) [636 NYS2d 683] — Judgment unanimously affirmed. Memorandum: There is no merit to the contention of defendant that his plea was not knowingly, voluntarily, and intelligently entered *(see, People v Lopez,* 71 NY2d 662, 666; *People v Francis,* 38 NY2d 150, 153). (Appeal from Judgment of Steuben County Court, Purple, Jr., J.—Attempted Forgery, 2nd Degree.) Present—Denman, P. J., Lawton, Wesley, Balio and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TOMMIE BOSTIC, Appellant. (Appeal No. 2.) [636 NYS2d 516] —

Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him, following his plea of guilty, of attempted burglary in the second and third degrees. Defendant contends that the photo array shown to a witness was unduly suggestive. We are unable to address that contention because the record on appeal does not contain all of the photos that were introduced at the *Wade* hearing. We urge prosecutors to maintain photo arrays for the record on appeal to avoid the remittitur of matters for reconstruction of photo arrays *(see, People v Herndon,* 216 AD2d 917). Nevertheless, we agree with the suppression court that the People demonstrated by clear and convincing evidence that the "identification [was] based upon the witness's independent observation of * * * defendant" *(People v Hyatt,* 162 AD2d 713, 714, *lv denied* 76 NY2d 987; *see, Manson v Brathwaite,* 432 US 98; *People v Adams,* 53 NY2d 241). The witness observed defendant from a distance of about 10 feet for 20 seconds in a well-lighted area *(cf., People v Hyatt, supra)* and observed a frontal as well as a profile view of defendant.

We reject the contention that defendant had an expectation of privacy in the apartment. The tenant consented to the search of the apartment and gave the police several items belonging to defendant. Thus, the police had the "actual consent of a person having or reasonably appearing to have the requisite degree of access to and control over" the apartment, including the bedroom in which defendant allegedly spent one night *(People v Henley,* 53 NY2d 403, 409 [Cooke, Ch. J., concurring in part and dissenting in part], citing *People v Adams,* 53 NY2d 1, *cert denied* 454 US 854; *People v Cosme,* 48 NY2d 286). There is no question that the tenant had the "apparent capability" to consent to the search of the apartment *(People v Adams,* 53 NY2d 1, 9, *cert denied* 454 US 854, *supra; see, People v Hardgers,* 222 AD2d 1038 [decided herewith]). Unlike the situation in *People v Petrie* (89 AD2d 910), relied upon by defendant, the bedroom was not set aside for defendant and there is no proof that defendant even stayed in the bedroom. The fact that defendant may have left some items in the bedroom does not give rise to an inference that he had an expectation of privacy in it.

We have considered defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Steuben County Court, Purple, Jr., J.—Attempted Burglary, 2nd Degree.) Present—Denman, P. J., Lawton, Wesley, Balio and Davis, JJ.