■ **The People of the State of New York**, Respondent, v **Michael Ithier**, Appellant. [668 NYS2d 389] —Judgment, Supreme Court, New York County (Charles Tejada, J.), rendered August 24, 1994, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the fourth degree, and sentencing him to a term of 2 to 6 years, unanimously affirmed.

The court properly submitted the "room presumption" to the jury, since there was evidence showing that the drugs were found "under circumstances evincing an intent to unlawfully mix, compound, package *or otherwise prepare for sale*" such drugs (Penal Law § 220.25 [2] [emphasis supplied]). The People's proof established that the room containing the drugs was located on the floor where an undercover buy had just been made, and that the seller was apprehended as he tried to enter that room and tossed a wad of cash to someone inside. This evidence was sufficient to establish that the clear bag containing 100 vials of cocaine, an amount far in excess of any that could be considered as for personal use, which was in plain sight in the room, had been prepared in connection with the seller's contemporaneous sales activity down the hallway (*see, People v Westbrook*, 177 AD2d 1039, *lv denied* 79 NY2d 866; *People v McCall*, 137 AD2d 561, *lv denied* 70 NY2d 1008; *cf., People v Martinez*, 83 NY2d 26, *cert denied* 511 US 1137).

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There was ample evidence of guilt under the room presumption theory as well as under the theory of constructive possession, including evidence from which "a reasonable jury could conclude that only trusted members of the [drug] operation would be permitted to enter" the room in question (*People v Bundy*, 90 NY2d 918, 920).

Defendant's remaining contention is unpreserved and without merit. Concur—Wallach, J. P., Rubin, Tom and Andrias, JJ.