■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLINTON KELLY, Appellant. [689 NYS2d 470] —Judgment, Supreme Court, New York County (Harold Beeler, J., at suppression hearing; Bernard Fried, J., at jury trial and sentence), rendered April 15, 1997, convicting defendant of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of $4^{1}/_{2}$ to 9 years, unanimously affirmed.

Defendant's suppression motion was properly denied. The arresting officer was entitled to rely on information radioed by the purchasing undercover officer that the seller had entered the subject apartment to access her drug supply before consummating the sale (*see, People v Landy,* 59 NY2d 369, 375). In light of the fact that the seller had resumed her position in the lobby's vestibule, the arresting officer clearly had probable cause to believe that crack cocaine was still being sold from the apartment, and exigent circumstances, including the danger that drugs might be disposed of by an occupant of the apartment, justified a warrantless entry (*see, People v Clements,* 37

NY2d 675, *cert denied sub nom. Metzger v New York,* 425 US 911), as did the necessity of conducting a protective sweep, given the close proximity of the apartment (*see, People v Febus,* 157 AD2d 380, *appeal dismissed* 77 NY2d 835). Moreover, even if justification for entry did not already exist, the warning shouted by the seller and clearly directed at the apartment, as the arresting officer merely approached the apartment door, created exigent circumstances which we do not find to be police-created (*compare, People v Levan,* 62 NY2d 139).

The verdict was based on legally sufficient evidence. There was ample evidence of defendant's possession of the 34 vials of crack cocaine, found within his reach in the apartment he shared with the seller, and ample evidence of intent to sell was provided by the number and packaging of the vials, as well as the surrounding circumstances. The use of the apartment to store drugs "prepared in connection with the seller's contemporaneous sales activity down the hallway" was sufficient to support the court's submission to the jury of the statutory room presumption (Penal Law § 220.25 [2]) under the circumstances (*see, People v Ithier,* 247 AD2d 203, *lv denied* 92 NY2d 854).

Defendant's other arguments are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find that they would not warrant reversal. Concur—Tom, J. P., Wallach, Lerner and Rubin, JJ.