◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH JONES, Appellant. [779 NYS2d 695]—

Appeal from a judgment of the Monroe County Court (Patricia D. Marks, J.), rendered June 3, 2002. The judgment convicted defendant, upon a jury verdict, of murder in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of one count of murder in the second degree (Penal Law § 125.25 [2]). Defendant contends that the police were engaged in an unlawful warrantless search when they discovered the victim's body and that County Court therefore erred in denying his suppression motion. Although the People contended before the suppression court that defendant lacked standing to challenge the search, the court did not address standing and instead denied defendant's motion on the merits. We agree with the People that defendant failed to meet his burden of establishing standing. Defendant had been evicted from the building from which he operated his business and where the victim's body was found, and thus we conclude that defendant had no standing (see People v Whitfield, 81 NY2d 904, 905-906 [1993]; see also People v Garrett, 258 AD2d 530, 530-531 [1999]). In any event, even assuming that defendant had standing, we would nevertheless conclude that the court properly denied defendant's motion on the merits. As the court properly determined, defendant's employee had authority to allow the police to search the building. When approached by the police outside the building, the employee had a key to the building and indicated to the police that he had just been in the building to retrieve some personal property. In any event, the employee reasonably appeared to possess the requisite degree of authority to allow the police access to the building (see People v Remo, 98 AD2d 843, 844 [1983]). In addition, the court properly determined in the alternative that an emergency situation justified the warrantless entry (see generally People v Mitchell, 39 NY2d 173, 177-178 [1976], cert denied 426 US 953 [1976]). The determination of a suppression court must be accorded great weight "because of its ability to observe and assess the cred-

ibility of the witnesses[,] and its findings should not be disturbed unless clearly erroneous" (*People v Hill*, 175 AD2d 603, 603 [1991]), which is not the case here.

We also reject the contentions of defendant that the court erred in denying his motion for substitution of counsel (*cf. People v Sides*, 75 NY2d 822, 825 [1990]) and that he did not receive effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]; *People v Davis*, 307 AD2d 722, 723 [2003], *lv denied* 100 NY2d 619 [2003]). We have reviewed the contentions of defendant in his pro se supplemental brief and conclude that they are without merit. Present—Wisner, J.P., Hurlbutt, Kehoe, Martoche and Lawton, JJ.