■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN GARRIDO, Appellant. [824 NYS2d 295]—

Judgment, Supreme Court, Bronx County (John S. Moore, J.), rendered May 7, 2003, as amended September 28, 2005, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the first degree, and sentencing him to a term of 10 years, and order, same court and Justice, entered on or about September 28, 2005, which denied defendant's CPL article 440 motion seeking to reduce his conviction to a class A-II felony, unanimously affirmed.

The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations, which are supported by the record (*see People v Prochilo*, 41 NY2d 759, 761 [1977]). Following an undercover officer's negotiations with defendant, during which the officer saw a large amount of drugs in defendant's apartment, the police lawfully approached the apartment in hopes that defendant would come out, at which point they intended to arrest him and then secure the apartment until a search warrant could be obtained. When it became clear that defendant had seen the officers, exigent circumstances existed for a warrantless entry. We do not find that the police created an artificial exigency (*see United States v MacDonald*, 916 F2d 766, 770-773 [2d Cir 1990], *cert denied* 498 US 1119 [1991]; *People v Kelly*, 261 AD2d 133, 134 [1999], *lv denied* 94 NY2d 824 [1999]; *compare People v Levan*, 62 NY2d 139, 146 [1984]). Once inside, the police properly conducted a security sweep to make certain no one else was in the apartment who could present a threat (*see Maryland v Buie*, 494 US 325 [1990]). As part of this sweep, it was reasonable to look in a closet to see if anyone was hiding inside, and drugs were properly discovered in plain view as a result.

Defendant was resentenced from a term of 15 years to life to a term of 10 years pursuant to the Drug Law Reform Act (L 2004, ch 738), and we perceive no basis for a further reduction. Defendant's argument that his conviction should be reduced to second-degree possession is without merit (*People v Utsey*, 7 NY3d 398 [2006]; *People v Quinones*, 22 AD3d 218 [2005], *lv denied* 6 NY3d 817 [2006]). Concur—Mazzarelli, J.P., Friedman, Nardelli, Gonzalez and Catterson, JJ.