People v Parrilla (2025 NY Slip Op 01761)

People v Parrilla

2025 NY Slip Op 01761

Decided on March 21, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, MONTOUR, GREENWOOD, AND KEANE, JJ.

855 KA 23-00727

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ELUCIANO PINET PARRILLA, DEFENDANT-APPELLANT. 

KEEM APPEALS, PLLC, SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (Theodore H. Limpert, J.), rendered March 1, 2023. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the first degree, criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree (two counts), criminal possession of a weapon in the second degree (two counts), criminal possession of a weapon in the third degree (four counts), criminal possession of a firearm (two counts) and criminal possession of a controlled substance in the seventh degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a plea of guilty, of criminal possession of a controlled substance in the first degree (Penal Law § 220.21 [1]), criminal sale of a controlled substance in the third degree (§ 220.39 [1]), two counts of criminal possession of a controlled substance in the third degree (§ 220.16 [1]), two counts of criminal possession of a weapon in the second degree (§ 265.03 [3]), four counts of criminal possession of a weapon in the third degree (§ 265.02 [1], [8]), two counts of criminal possession of a firearm (§ 265.01-b [1]), and two counts of criminal possession of a controlled substance in the seventh degree (§ 220.03). Defendant contends that County Court erred in refusing to suppress physical evidence recovered from his girlfriend's apartment inasmuch as the initial entry into the apartment was made without a warrant and in the absence of exigent circumstances, and he further contends that the search warrant subsequently obtained by the police was not supported by probable cause. We reject those contentions.
"Police may enter private premises without a warrant if they have probable cause to believe that an occupant has committed a crime or that contraband will be found there, and if exigent circumstances justify the entry" (People v Foster, 245 AD2d 1074, 1074 [4th Dept 1997], lv denied 91 NY2d 972 [1998]; see People v Clements, 37 NY2d 675, 678-679 [1975], cert denied 425 US 911 [1976]). The record at the suppression hearing establishes that defendant was arrested pursuant to an arrest warrant that was based on controlled buys that occurred two or three years prior. At the time of the arrest, the police recovered 255 glassine envelopes of fentanyl from defendant's person. Defendant had just left his girlfriend's apartment when he was arrested and, in the course of surveillance conducted prior to the day of the arrest, the police had observed defendant exiting the apartment multiple times. The police thus had probable cause to believe that defendant had committed a crime in their presence and that contraband was present in the apartment. Moreover, it was not known to the police whether anyone remained in the apartment who might have observed defendant's arrest and might therefore attempt to dispose of any narcotics or to escape (see Clements, 37 NY2d at 684-685; People v Seaberry, 138 AD2d 422, 422-423 [2d Dept 1988], lv denied 72 NY2d 866 [1988]). Thus, the record adequately establishes that exigent circumstances justified the warrantless entry by the police into the apartment to ensure that no evidence was destroyed while they obtained a search warrant (see [*2]People v Kelly, 261 AD2d 133, 133-134 [1st Dept 1999], lv denied 94 NY2d 824 [1999]; Foster, 245 AD2d at 1074).
We reject defendant's contention that the police testimony during the suppression hearing was unworthy of belief (see People v Berrios, 28 NY2d 361, 369 [1971]; People v Shaw, 229 AD3d 1180, 1185 [4th Dept 2024]). Although defendant presented testimony from his girlfriend's son that contradicted the testimony of the police that they did not begin to search the apartment until a warrant was obtained, we reject defendant's assertion that the officers' testimony was thereby rendered "unbelievable as a matter of law." "The determination of a suppression court must be accorded great weight 'because of its ability to observe and assess the credibility of the witnesses[,] and its findings should not be disturbed unless clearly erroneous' " (People v Jones, 9 AD3d 837, 838-839 [4th Dept 2004], lv denied 3 NY3d 708 [2004], reconsideration denied 4 NY3d 745 [2004]; see People v Goins, 191 AD3d 1399, 1400 [4th Dept 2021], lv denied 36 NY3d 1120 [2021]; see generally People v Prochilo, 41 NY2d 759, 761 [1977]).
Finally, we reject defendant's contention that the search warrant was not supported by probable cause. To establish probable cause, a search warrant application "must provide the Magistrate with information sufficient to support a reasonable belief that evidence of a crime may be found in a certain place" (People v Montague, 273 AD2d 840, 841 [4th Dept 2000] [internal quotation marks omitted]; see People v Martinez, 298 AD2d 897, 898 [4th Dept 2002], lv denied 98 NY2d 769 [2002], cert denied 538 US 963 [2003], reh denied 539 US 911 [2003]). "[T]he legal conclusion [as to whether probable cause existed] is to be made after considering all of the facts and circumstances together . . . A synoptic evaluation is essential because [v]iewed singly, these may not be persuasive, yet when viewed together the puzzle may fit and probable cause found" (People v Cruz, 221 AD3d 1423, 1424 [4th Dept 2023], lv denied 41 NY3d 1001 [2024] [internal quotation marks omitted]; see People v Shulman, 6 NY3d 1, 26 [2005], cert denied 547 US 1043 [2006]). Here, the officer averred in the warrant application that the fentanyl found on defendant—255 packets, mostly in 10-packet bundles—was packaged in a manner consistent with sales and that, in his experience, drug dealers commonly use a residence to store their wares. We thus conclude that the search warrant application was sufficient to establish probable cause that evidence related to the drugs found on defendant at the time of his arrest could be found in the apartment he had just left.
Entered: March 21, 2025
Ann Dillon Flynn
Clerk of the Court