OPINION OF THE COURT
Eugene L. Nardelli, J.
Defendant was indicted for criminal sale of a controlled *874 substance in the third degree and related crimes. He has moved pursuant to CPL 710.20 (6) to suppress "as evidence at trial potential testimony regarding an identification of the defendant upon the ground that there was a prior' improper identification procedure”, alleging as grounds for such suppression that the identification procedure was unnecessarily suggestive and that it was conducted only after he had been unlawfully placed in police custody. As the factual support for such grounds he alleges (1) that he was exhibited alone and in custody to a witness after his arrest, (2) that he was placed in such identification procedure only after he was forcibly removed from an apartment (there are no allegations of possessory rights in the apartment, of any facts which would show a reasonable expectation of privacy therein, or even that the police entry was not consensual — he alleges only that his removal thereof was forcible), and (3) that he had been in such apartment in excess of 15 minutes before the identification procedure.
CONCLUSIONS OF LAW
Both of defendant’s grounds, the alleged suggestiveness of the showup and his alleged unlawful arrest, must be rejected. Neither testimony of his showup identification shortly after the crime nor any in-court identification need be suppressed. Furthermore, he has alleged no facts justifying a hearing with respect to either.
Defendant’s first ground, that the identification procedure was unnecessarily suggestive, is supported only by the allegation that he was exhibited alone and in custody to a witness after his arrest — in sum, because a showup was held. Show-ups, however, are not in themselves improper where the witness is shown the suspect a relatively short time after the incident. (People v Brnja, 70 AD2d 17, 23 [2d Dept], affd 50 NY2d 375.) In Brnja the defendant was, within 15 minutes to a half hour after the robbery, returned to the scene thereof from a van a half mile away.
Defendant’s second ground is that the showup was held "only after he had been unlawfully placed in police custody”. The facts alleged in support thereof are his forcible removal from an apartment and his having been in such apartment for in excess of 15 minutes. As authority for his position he relies on United States v Crews (445 US 463). That case is hardly in *875 point. The Supreme Court there saw itself as called upon to decide "whether in the circumstances of this case an in-court identification of the accused by the victim of a crime should be suppressed as the fruit of the defendant’s unlawful arrest.” (Supra, at p 465.) The court held that such in-court identification should not be suppressed. And the circumstances of that case justified suppression much more than do those being considered here. The identification procedure in the instant case was proximate to the crime in both time and place. Crews had been taken to the police station for photographs without probable cause six days after the crime of which he was convicted (and three days after two other crimes of which he was suspected). This court, nevertheless, must consider defendant’s claim that he was "unlawfully placed in police custody” and the possibility that the showup was thus tainted. (See, Wong Sun v United States, 371 US 471.)
Defendant does not allege that the police did not have probable cause to arrest him. Nor does he allege that the police did not have probable cause to believe that he was in the apartment. He alleges only the forcible removal of his person from an apartment after he had been there for in excess of 15 minutes. Police may not enter a person’s home without a warrant in order to make a routine felony arrest. (Payton v New York, 445 US 573; People v Levan, 62 NY2d 139; People v Payton, 51 NY2d 169, on remand from 445 US 573, supra.) But, as stated above, there is no allegation of facts showing a reasonable expectation of privacy therein on his part and no allegation that this was a routine felony arrest. A motion to suppress evidence must contain allegations of fact supporting the grounds of the motion. (CPL 710.60 [1].) Where the allegations of fact do not support the grounds alleged, the court may summarily deny the motion. (CPL 710.60 [3] [b].) Consequently, even accepting defendant’s allegation that he was arrested in an apartment (the People allege that he was arrested in the building’s vestibule or hallway areas and brought back to the street for confirmation by the undercover officer that he, defendant, was indeed the person who had sold him the narcotics), the court may dismiss defendant’s motion, since his allegations still would not allege a violation of his legitimate expectation of privacy in such apartment. There is no longer automatic standing to challenge the legality of a search and seizure without regard to whether the defendant has an expectation of privacy with respect to the area searched. (United States v Salvucci, 448 US 83; see, Vasquez v *876 United States, 454 US 975, 977 [Stevens, J.].) Even without reliance on the concept of "standing”, where the defendant’s rights are not the rights which may have been violated in a search, the defendant has no grounds for the suppression of the seized evidence. (Rakas v Illinois, 439 US 128.) (If defendant was actually arrested in the hallway, of course, clearly no expectation of privacy was violated [United States v Holland, 755 F2d 253 (2d Cir), cert denied — US —, 105 S Ct 2657].)
In Salvucci, Rakas, and Vasquez (supra) defendants sought the suppression of physical evidence seized in a challenged search. Defendant here would challenge a subsequent identification at an otherwise unobjectionable showup because he had been seized, even with probable cause for arrest in an apartment in which the police had probable cause to expect to find him. The scope of this claim can be best appreciated when one considers the mechanics of the undercover purchases by means of which the police attempt to gather evidence against and arrest illegal sellers of controlled substances. Ordinarily an undercover officer will make a purchase of drugs and within minutes notify his back-up officers, who will move in quickly to make the arrest. The undercover will then return, again within minutes, and confirm that they have arrested the person or persons who sold him the narcotics. Defendant’s claim would mean that a retreat into a house or apartment would preclude the arrest of a seller until the police obtained a warrant to search such premises, by which time any prerecorded buy-money or unsold narcotics could well have been disposed of. The Supreme Court, however, has said, in a case involving a retreat into defendant’s own residence: "We thus conclude that a suspect may not defeat an arrest which had been set in motion in a public place, and is therefore proper under Watson [United States v Watson, 423 US 411], by the expedient of escaping into a private place.” (United States v Santana, 427 US 38, 43.) There the arresting officers had identified themselves to Santana when she was in the open doorway and she had run back into her house. Santana (supra), moreover, predated Payton (supra). It seems the more logical application of the principle there expressed, nonetheless, to conclude that the arrest was "set in motion” here by the initiation of the purchase in the street and that defendant could not defeat it by escaping into an apartment even if it had been his own. Payton noted: "Although it is arguable that the warrantless entry to effect Payton’s arrest might have *877 been justified by exigent circumstances, none of the New York courts relied on any such justification * * * Accordingly, we have no occasion to consider the sort of emergency or dangerous situation, described in our cases as 'exigent circumstances,’ that would justify a warrantless entry into a home for the purpose of either arrest or search.” (Supra, p 583; emphasis supplied.) In Welsh v Wisconsin (446 US 740, 749), it described its decision in Payton as declining to consider the scope of any exception for exigent circumstances, "thereby leaving to the lower courts the initial application of the exigent-circumstances exception.” Since the Supreme Court considered justification by exigent circumstances arguable in Payton (supra), where the entry into defendant’s empty apartment occurred three days after the crime, it seems that that decision has little application to a fast-moving undercover purchase and arrest as in the instant case.
In a pre-Payton decision the Court of Appeals of the District of Columbia listed six unambiguous factors which would shift the balance toward a finding of exigent circumstances: (1) a grave offense; (2) reason to believe the suspect is armed; (3) a clear showing of probable cause; (4) strong reason to believe the suspect is in the premises entered; (5) a likelihood that the suspect will escape if not apprehended promptly; and (6) a peaceable, though it may be nonconsensual, entry. (Dorman v United States, 435 F2d 385.) With the exception of the second factor, all of the above seem present here. Another criterion has been suggested in 2 LaFave, Search and Seizure (§ 6.1, at 391-394 [1978]) the distinction between a planned arrest, i.e., one made after an investigation had been completed, and an arrest made in the course of an ongoing investigation in the field. Thus he would approve the entry in Santana (supra) even if Mrs. Santana had not been standing in the doorway. This court would conclude that, even if defendant could allege (and he has been given the opportunity to) that the entry was into defendant’s home, the entry would still be justified in undercover-purchase situations even where the suspect retreats into his own home or apartment.
Since no facts have been alleged supporting defendant’s claim that his arrest violated his Fourth Amendment rights, there is no need to consider whether his ensuing showup identification was tainted. Nor have any facts been alleged to indicate that, with respect to any in-court identification, the result would be any different from that in Crews (supra).
*878 DECISION
Defendant’s motion with respect to suppression of evidence with respect to his showup identification and with respect to any in-court identification is denied.