■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BOBBY THOMAS, Appellant.—Kane, J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered April 11, 1986, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree.

On July 26, 1986, the City of Albany Police received a telephone call from an anonymous informant regarding a drug transaction which was to take place that evening in a motel room in the Town of Bethlehem, Albany County. Based on this tip, the police placed the motel under surveillance and two men were seen approaching the motel on foot. Detective

Kenneth Sutton recognized one of the men as Emmett Tune, a known heroin addict. As the two men neared the room, they became aware of the police surveillance and ran off. Further investigation disclosed that the room in question was registered to defendant who was known to Sutton to have a criminal record for the sale and possession of heroin.

The police then surrounded the room and made a forcible warrantless entry. Defendant was intercepted as he was flushing a cigarette pack down the toilet. The cigarette pack, which was retrieved from the toilet, and a second pack, which was found on the bathroom floor, contained small packets of white powder. Defendant and a woman who was present in the room at the time were placed under arrest. The police searched the motel room and found two paper bags which contained hypodermic needles and syringes.

Defendant was subsequently indicted and brought to trial on one count of criminal possession of a controlled substance in the third degree and one count of criminal possession of a controlled substance in the fourth degree. He was convicted on both counts and sentenced as a second felony offender to terms of imprisonment of 12½ to 25 years and 7½ to 15 years, to run concurrently. This appeal ensued.

Defendant contends that the police lacked probable cause when they acted pursuant to the tip received from the anonymous informant. It is well settled that in order for this type of information to constitute all or part of a probable cause determination, the two-prong requirements of the *Aguilar-Spinelli* test must be satisfied *(see, People v Bigelow,* 66 NY2d 417; *People v Johnson,* 66 NY2d 398). Under *Aguilar-Spinelli,* it must be shown that the informant possesses a basis of knowledge for the information relayed, and also that there is something to indicate that the informant is reliable *(see, People v Johnson, supra,* at 402-403).

Here, defendant contends that the reliability of the anonymous informant was never established. A review of the record, however, demonstrates that the factual details contained in the informant's tip were sufficiently corroborated through the subsequent police investigation to satisfy the reliability requirement contained in the *Aguilar-Spinelli* rule *(see, supra,* at 403). According to the informant's tip in this case, heroin was being sold in $40 bags by a black male and black female in room 127 of the Albany Motor Lodge. The male informant also stated that he would be walking along a specific route to the motel accompanied by Emmett Tune. Sutton knew Tune and knew him to be a heroin addict. Further corroboration

was supplied when two men, one Emmett Tune, were seen walking along the designated route toward the motel. These men reached the door of room 127 before Tune became aware of police surveillance and they both fled. At this point, the police ascertained that the room in question was registered in defendant's name. Sutton testified that he knew defendant to be a black male, as described by the informant, and also that he knew defendant to have a criminal history of dealing heroin from motel rooms.

Defendant does not challenge the informant's basis of knowledge, and the facts establish that this requirement was satisfied by the informant's description of a drug purchase that he and Tune had made earlier in the day. Consequently, the information obtained from the informant satisfied both requirements of the *Aguilar-Spinelli* test.

Defendant next contends that even if the police possessed probable caused to suspect him of criminal activity, no exception to the warrant requirement was applicable to justify the forcible warrantless entry into his motel room. This contention is without merit as the police reasonably believed that Tune, who had just fled the scene, would attempt to phone defendant to warn him at his first opportunity and that this in turn would prompt defendant to destroy evidence of his criminal activity. The record here demonstrates that the police correctly perceived that exigent circumstances were present to justify their warrantless entry *(see, People v Levan,* 62 NY2d 139; *People v Mealer,* 57 NY2d 214, *cert denied* 460 US 1024; *People v Clements,* 37 NY2d 675, *cert denied sub nom. Metzger v New York,* 425 US 911).

According to Sutton, the police intended to gain entry to defendant's motel room only to secure the premises and maintain the status quo until a warrant could be obtained. Upon their entry, however, the police discovered defendant in the process of flushing material, which appeared to be small packets of heroin, down the toilet. This material was seized and defendant was placed under arrest. The police found a second cigarette pack containing small packets of white powder lying on the bathroom floor. The police also discovered two papers bags in plain view which were searched and found to contain syringes and other drug paraphernalia. Defendant contends that this evidence was illegally seized. However, in our opinion, the bags were seized pursuant to a lawful search incident to arrest *(see, People v Clements, supra; People v Herrara,* 112 AD2d 315, 316). Accordingly, defendant's motion to suppress this evidence was properly denied.

Next, defendant contends that County Court erred in ruling, after a hearing, that defendant was mentally competent to stand trial. At the competency hearing, the prosecution produced two experts, a psychiatrist and a psychologist, who testified that, in their opinions, defendant was able to understand the nature of the criminal proceeding against him and was capable of assisting and participating in his own defense. *Pro se* motions made by defendant were also submitted as further evidence of defendant's understanding of the criminal process and his ability to actively participate in his defense. Contrary to defendant's assertion, the above provides sufficient support for County Court's rulings. In addition, we note that defendant's actions during the trial do not vitiate the finding that he was competent to stand trial.

A review of the record reveals that defendant received the effective assistance of counsel throughout the criminal proceedings against him. Finally, the sentence imposed by County Court was legal *(see,* Penal Law §§ 70.06, 70.25) and did not constitute an abuse of discretion. The judgment should therefore be affirmed.

Judgment affirmed. Mahoney, P. J., Kane, Weiss, Yesawich, Jr., and Levine, JJ., concur.