■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH BRADLEY, Appellant.—Judgment, Supreme Court, New York County (Martin Rettinger, J., at suppression hearing; Leslie Crocker Snyder, J., at plea and sentence), rendered March 3, 1989, convicting defendant of criminal sale of a controlled substance in the second degree and sentencing him to an indeterminate term of imprisonment of from three years to life, unanimously affirmed.

Undercover Police Officer Jonigan arrived at defendant's home to purchase three kilograms of cocaine on April 23, 1987. The officer was escorted to the third floor bedroom where he was shown one kilogram, and was informed by defendant that if their transaction for the one kilo of cocaine went smoothly, two other kilos of cocaine "were only twenty minutes away". After inspecting the package and ascertaining that the substance was in fact cocaine, Officer Jonigan told defendant he had to get the "buy" money. Greenan, a member of the backup team, had been sitting in the car waiting for Jonigan to emerge from defendant's home. When Jonigan informed Greenan that he had seen a kilo of cocaine, Greenan removed the flight bag containing money from the trunk of their vehicle, which constituted a signal to the rest of the backup team that there was cocaine in the house.

Jonigan and Greenan followed defendant's brother Derrick back to the house. As Derrick opened the front door and entered the vestibule, he was placed under arrest by Greenan. Jonigan proceeded into the house to secure the drugs and arrest the persons therein. As he neared the third floor landing, he observed defendant in the hallway of the third floor placing a package into the crawlspace under the roof. Jonigan proceeded into the bedroom from which defendant had originally obtained the package of cocaine. He then arrested the people he found located in that bedroom.

The People contend that exigent circumstances justified the entry into the home without a warrant to secure the cocaine, relying on *People v Clements* (37 NY2d 675, *cert denied sub nom. Metzger v New York*, 425 US 911). In *Clements (supra*, at 679), the court concluded that the officers had acted properly because there was "ample proof" of exigent circumstances, based on, among other things, the readily disposable nature of the contraband, the conduct of the officers which reflects their own contemporaneous evaluation of the situation that prompt police action was imperative, and knowledge of the existence of the contraband which was grounded on particularized information rather than reasonable inferences or general expectations.

Officer Jonigan had a considerably stronger basis for dispensing with the warrant requirement than did the officers in the *Clements* case *(supra)*. Here, an experienced undercover officer saw the cocaine inside defendant's residence and that same undercover officer recovered the cocaine minutes later, while in *Clements* the probable cause was based on information from a first-time informant. The risk that the cocaine would be concealed or destroyed was more immediate than in *Clements*. In *Clements*, the informant expressed some vague feelings of nervousness that the sellers might have become suspicious of him. In the instant case, the drugs were being held by Kenneth Bradley and his source in the second bedroom, while Jonigan left to get the "buy" money. If Jonigan had not returned within minutes, defendant and those holding the cocaine would undoubtedly have known that something had gone amiss and taken steps to dispose of the drugs. Exigent circumstances have been found in factually similar cases *(see, e.g., United States v Acevedo*, 627 F2d 68, *cert denied* 449 US 1021).

Accordingly, we find that exigent circumstances existed and that denial of defendant's motion was proper. Concur—Murphy, P. J., Kupferman, Milonas, Rosenberger and Ellerin, JJ.