■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT RIVERA, Appellant.—Judgment, Supreme Court, New York County (Jerome Marks, J., at hearing, trial and sentence), entered November 30, 1987, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree and sentencing him, as a predicate felon, to concurrent indeterminate prison terms of from 4½ to 9 years, unanimously affirmed.

Defendant's conviction arises from his sale of three vials of crack to an undercover police officer. Following the drug transaction, the undercover officer radioed a detailed description of the narcotics dealer to his backup officers. The officers who arrived at the scene shortly thereafter were unable to locate the suspect. Approximately 1½ hours after the drug sale, the undercover officer who made the purchase from the seller observed the suspect standing in the same area where the earlier drug transaction had taken place. The undercover officer alerted his partner, Officer William Hicks, as to the suspect's identity and Officer Hicks communicated this information to backup officers who arrested the defendant several minutes later. The undercover officer who made the purchase from the defendant observed the arrest from a car parked across the street. Approximately two hours later, the undercover officer who made the purchase identified the defendant while viewing him through a peephole at the police precinct.

Contrary to defendant's argument, we find the court at the suppression hearing properly ruled the precinct showup was nonsuggestive and confirmatory in nature. A *Wade* hearing was therefore not required. A trained narcotics officer observed the defendant in a face-to-face drug transaction and shortly thereafter viewed the defendant in the police precinct "at a place and time sufficiently connected and contemporaneous to the arrest itself as to constitute the ordinary and proper completion of an integral police procedure" *(People v Wharton,* 74 NY2d 921, 922-923). Concur—Ross, J. P., Carro, Asch, Wallach and Smith, JJ.