■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN KILGORE, Appellant.—Judgment unanimously reversed on the law, plea vacated, suppression motion granted, and matter remitted to Onondaga County Court for further proceedings on the indictment. Memorandum: The court erred in denying defendant's suppression motion. It found that exigent circumstances justified the warrantless entry at 301 Kellogg Street, where defendant was arrested after he was found in the attic rolled up in a mattress. The court relied on

*People v Mealer* (57 NY2d 214, *cert denied* 460 US 1024), in which the suppression court found the failure to obtain a warrant to be excusable in light of the gravity of the crime (murder), the suspect's possession of and willingness to use a gun, and the likelihood of his attempting to escape. This defendant was charged with robbery in the second degree involving a car containing the victim's purse. No weapon was involved. The arrest occurred about three hours after the car was located, after the police saw defendant through a window. No factors present in *Mealer* are present here, nor do we find any other exigent circumstances to justify the failure to obtain a warrant. The People's alternative argument on appeal, that the tenant of 301 Kellogg Street consented to entry, was not the basis for the suppression court's determination. The police investigator testified that four police officers knocked on the door and, when the tenant responded, she was told that the officers had seen defendant in an upstairs window and were there to arrest him. The investigator testified that her response was "go find him yourselves." The suppression court concluded that she allowed entry but did not rely on consent to sustain the warrantless entry, thereby implicitly finding that her act was not voluntary. We conclude that the People failed to establish consent within the requirements of *People v Gonzalez* (39 NY2d 122, 128-131). Accordingly, the judgment is reversed, the plea and sentence are vacated, and the matter is remitted for further proceedings on the indictment.

We have examined defendant's remaining arguments and find them lacking in merit. (Appeal from Judgment of Onondaga County Court, Cunningham, J.—Robbery, 2nd Degree.) Present—Dillon, P. J., Boomer, Pine, Balio and Lowery, JJ.