■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ROY C. COSTON and ROBERT T. DUNN, Respondents.—Yesa-

wich, Jr., J. Appeal from an order of the County Court of Madison County (Kepner, Jr., J.), entered March 22, 1990, which granted defendants' motions to suppress evidence.

On June 21, 1989, an undisclosed informant, who had provided reliable information in the past, notified the Oneida City Police Department that: "[W]ithin the past 48 hours while at 310 N. Lake Street, Oneida, a male with the last name of Dunn, his father is named Elmer, brought some cocaine into the residence of James Shlotzhauer. The cocaine was in a clear plastic baggie which [the informant] observed to come from the glove compartment of the interior of a *blue or black Ford Ranger pickup truck* owned by Dunn, *possibly first name of Elmer*. Dunn is a white male with long straight hair below his shoulders and is about 6′2″ tall * * *. Dunn himself has a tattoo on one of his shoulders * * *. The clear plastic bag of cocaine was placed back into the pickup truck glove compartment after Dunn left the residence of James Shlotzhauer" (emphasis supplied). The police then ran a motor vehicle check and confirmed that a 1981 Ford pickup truck with New York plates was registered to Elmer G. Dunn, Jr. Based on the informant's information, Officers Douglas Bailey and Andrew Scherer requested and obtained a search warrant authorizing them to search the glove and passenger compartments of the pickup, and to search Elmer G. Dunn, Jr. and any person present thereat or therein.

Around midnight the officers, who were parked near 310 N. Lake Street, observed a woman enter and exit the Ivy Grill several times. The police followed her when she left the parking lot and watched as a light-colored Toyota pickup truck passed her car, made a U-turn, and then pulled up next to the car. A short time later, both vehicles returned to the Ivy Grill; the pickup truck driver—defendant Robert T. Dunn (hereinafter Dunn)—left his vehicle, approached the woman's car and handed her a square poster board, later discovered to be a record album, through the window. Shortly thereafter, the woman gave the album back to the man, who returned to the truck. Believing that they had witnessed a drug transaction, the undercover officers proceeded to the police station to retrieve the Dunn search warrant after which they went back to the Ivy Grill parking lot. By this time, the woman had left, but the truck, now unoccupied, was still present with Dunn and another man, defendant Roy C. Coston, standing nearby. The plainclothes officers exited their unmarked car, drew their guns and ordered both defendants to freeze. A pat-search of Dunn proved unproductive; Coston, however, had a plastic

bag containing a small amount of a white powdery residue in his front pants pocket. A subsequent search of the pickup truck disclosed another bag containing a substance, later identified as cocaine, in an empty video tape box on the floor of the vehicle. Both men were immediately arrested.

Dunn was indicted for criminal sale of a controlled substance in the third degree, a class B felony, and criminal possession of a controlled substance in the fifth degree, a class D felony. Coston was charged only with criminal possession of a controlled substance in the fifth degree. Defendants successfully moved to suppress any evidence obtained as a result of the allegedly unlawful search of themselves and the pickup truck. The People have appealed; we affirm.

An informant's tip may provide the basis for a warrantless search and arrest if the informant (1) is reliable and (2) has some "basis for the knowledge" justifying his conclusion that the subject of the tip was involved in illegal activity *(People v Bigelow,* 66 NY2d 417, 423; *accord, People v Rodriguez,* 52 NY2d 483, 488-489; *see generally, People v Griminger,* 71 NY2d 635). Here, the informant had assisted one of the officers on a prior occasion leading to an arrest and also made a controlled purchase of narcotics. Moreover, the police confirmed that an individual with the last name Dunn owned a Ford pickup truck. That the informant had provided accurate information in the past and independent police observation corroborated some of the tip details sufficiently established this informant's reliability *(see, People v Rodriguez, supra; People v Elwell,* 50 NY2d 231, 237). Additionally, based solely on the language that the informant used, there is little doubt that his knowledge came from personal observations made of the individual identified. The tip, however, identified a blue or black Ford Ranger pickup truck belonging to an individual probably known as Elmer Dunn, Jr. The officers searched a tan Toyota and arrested an individual named Robert Dunn. An informant's tip which describes a different vehicle and quite possibly a different individual cannot provide probable cause to sustain a warrantless search and arrest *(see, People v Elwell, supra,* at 241). And as the undercover officers observed nothing which would suggest that defendants were involved in criminal activity *(see, People v Brown,* 24 NY2d 421, 423; *People v Corrado,* 22 NY2d 308, 311; *see generally, People v Carrasquillo,* 54 NY2d 248, 252), the evidence was properly suppressed.

Order affirmed. Weiss, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.