■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY ANZALONE, Appellant.—Judgment, Supreme Court, Bronx County (Ira Globerman J., at suppression hearing, jury trial and sentence), rendered June 30, 1989 convicting defendant after a jury trial of criminal sale of a controlled substance in the first degree and criminal possession of a controlled substance in the first degree, and sentencing him to concurrent terms of twenty years to life in prison, unanimously affirmed.

On December 8, 1987, Detective Joseph Termini and a police informant went to a Bronx apartment where they discussed the purchase of one kilogram of cocaine with the defendant. Because the defendant did not have the cocaine in the apartment, the three men agreed to meet again thirty minutes later. When the parties met a second time, defendant stated that he needed more time. The detective returned to the apartment a third time, and waited about ten minutes, after which the defendant returned, accompanied by co-defendant Houver Pelaez, who was carrying a gym bag containing a kilogram of cocaine. Detective Termini, on the excuse that he had left the purchase money in his car, then left the apartment and put on his sunglasses, which was a previously arranged signal to his back-up team indicating that there was contraband in the apartment. The back-up team entered the apartment by using a battering ram, arrested the defendant and his accomplice, and recovered the kilogram of cocaine, which was left on the kitchen table, as well as other contraband and drug paraphernalia.

It is well settled that a warrantless entry into the home of a defendant is permitted where it is based upon probable cause and justified by exigent circumstances. *(People v Clements,* 37 NY2d 675.) The facts in this case are similar to those in

*People v Bradley* (167 AD2d 249), where this Court determined that the warrantless entry was lawful, finding that the risk that the cocaine might be destroyed created sufficient exigent circumstances to justify the warrantless entry. In the present case although several hours elapsed between the time that Detective Termini first met with the defendant and the time the buy occurred, the facts indicate that police could not have anticipated that there was contraband in the apartment until it was actually seen by Detective Termini.

The sentencing court did not abuse its discretion, given the amount of cocaine involved and defendant's prior history. *(People v Farrar,* 52 NY2d 302, 305.) Concur—Murphy, P. J., Sullivan, Rosenberger, Ross and Asch, JJ.