THIRD DEPARTMENT, SEPTEMBER, 1991

(September 12, 1991)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFREDO RIVERA, Also Known as ALFREDO RODRIQUEZ, Appellant.—Harvey, J. Appeal from a judgment of the County Court of Sullivan County (Hanofee, J.), rendered May 5, 1988, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree (four counts), criminal possession of a controlled substance in the third degree and criminal use of drug paraphernalia in the second degree.

In July 1987, defendant was indicted by a Grand Jury on four counts of criminal sale of a controlled substance in the third degree, one count of criminal possession of a controlled substance in the third degree and one count of criminal use of drug paraphernalia in the second degree. The charges stemmed from drug transactions occurring on April 15 and 16, 1987 in a Sullivan County motel, which were arranged by a confidential police informant who had cooperated with the police on several successful drug investigations in the past.

The informant purchased a gram of cocaine from defendant on April 15, 1987. The next day, the informant met defendant in his motel room and paid $900 in marked bills for additional narcotics. Following this latter transaction, surveillance police officers attempted to arrest defendant outside of his motel room as he was leaving. Rather than submit to arrest, however, defendant reportedly "dove" back into the room and "slammed" the door. Through the slats in the venetian blinds on the motel room window, an officer observed defendant in the bathroom area with his hand in the toilet. A police officer then kicked open the motel room door, pulled defendant away from the toilet and discovered inside the toilet bowl a bag containing 70 packets of heroin, six foil bags of cocaine and $860 in marked $20 bills. Following a jury trial, defendant was convicted of all counts and this appeal followed.

Although defendant raises numerous arguments on appeal, the majority do not require extended discussion. In our view, County Court correctly concluded that sufficient probable cause existed to support the attempt by the police to make a warrantless arrest of defendant outside his motel room on April 16, 1987. While the probable cause determination was based principally upon hearsay information obtained from the informant, it is generally accepted that hearsay information is acceptable to establish probable cause as long as the informant is reliable and has an adequate basis of knowledge (see, People v Bigelow, 66 NY2d 417, 423; People v Johnson, 66 NY2d 398, 402). Here, the informant's information was gained through first-hand conversations and transactions with defendant, rather than being acquired through an intermediary. Moreover, the police were justified in relying on this information based on their own independent observations of defendant's activities and also the informant's proven reliability in the past (see, People v Bigelow, supra, at 423-424; see also, People v Coston, 170 AD2d 773).

As for the warrantless search and seizure of evidence in defendant's motel room, this was appropriately deemed to be valid in light of the imminent danger that evidence, specifically the marked cash given to defendant, would have been lost or destroyed if the police waited to obtain a search warrant before entering defendant's room (see, e.g., People v Willsey, 144 AD2d 106, 108, lv denied 73 NY2d 985; People v Thomas, 129 AD2d 910, 912, lv denied 70 NY2d 657).

Defendant's remaining arguments, including his claim that he was deprived of a fair trial, have been examined and have been found to be unpersuasive.

Mikoll, J. P., Levine, Mercure and Crew III, JJ., concur. Ordered that the judgment is affirmed.