THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v URIAH VENNOR, Appellant.—Judgment unanimously reversed on the law, motion granted and indictment dismissed. Memorandum: On appeal from his conviction of criminal possession of a controlled substance in the second degree, defendant

challenges an order denying his motion to suppress a bag of cocaine seized by police at the time of defendant's arrest in a residential garage, and to suppress defendant's later statement to police. Defendant contends that the warrantless arrest, search and seizure were invalid. The People counter that defendant lacks standing to contest the search and seizure and that the warrantless entry and search of the garage, and search of the bag, were justified under certain exceptions to the warrant requirement.

We conclude that defendant has standing to contest the search. His uncontroverted testimony was that the tenant had the right to use the garage, that the tenant had permitted him to use it, that he had used the garage for five years to fix automobiles, that he kept his tools and car there, that he had purchased a lock for the garage and had the only key to that lock, and that he had been on the premises all afternoon. Those factors are sufficient to confer standing *(see, People v Telfer,* 175 AD2d 638).

The warrantless search of the garage, and the seizure and search of the bag, were illegal. "[A]ll warrantless searches presumptively are unreasonable per se" *(People v Hodge,* 44 NY2d 553, 557, citing *Schneckloth v Bustamonte,* 412 US 218, 219; *Katz v United States,* 389 US 347, 357). "Where a warrant has not been obtained, it is the People who have the burden of overcoming that presumption" *(People v Hodge, supra,* at 557). Here, the People argue that the search was justified under the exigent circumstances and search incident to arrest doctrines. We disagree. There is no indication on this record that defendant was aware of the presence of police and therefore likely either to escape or to destroy $12,000 worth of cocaine. Nor is there any indication that police could not have surrounded the garage and waited for one of the officers to obtain a warrant. Finally, there is no evidence that defendant presented a danger to the officers or to the public *(see, United States v Campbell,* 581 F2d 22, 26-27; *Dorman v United States,* 435 F2d 385, 392-393). Even assuming that exigent circumstances justified the police in entering the garage without a warrant, no exigency justified searching the paper bag after the officers had neutralized the situation by arresting defendant and seizing the bag. Neither was the search of the bag justified as a search incident to arrest. The bag was not on defendant's person, and it does not appear that the bag was within defendant's "grab area" *(see, Chimel v California,* 395 US 752, 763; *People v Belton,* 50 NY2d 447, 451), because the police immediately arrested defendant and escorted him out of

the garage. In any event, the validity of a "grab area" search depends upon the validity of the arrest *(People v Martin,* 32 NY2d 123, 124). Here, the initial entry into the garage and arrest of defendant were invalid as executed without a warrant and not justified by exigent circumstances.

Because the People failed to sustain their burden of demonstrating the applicability of any exception to the warrant requirement, defendant's motion to suppress the cocaine and his statement should have been granted. (Appeal from Judgment of Monroe County Court, Egan, J.—Criminal Possession Controlled Substance, 2nd Degree.) Present—Callahan, A. P. J., Denman, Green, Balio and Davis, JJ.