■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS L. GATES, Appellant. [604 NYS2d 1001] —Weiss, P. J. Appeal from a judgment of the Supreme Court (Monserrate, J.), rendered September 27, 1991 in Broome County, convicting defendant upon his plea of guilty of the crimes of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree (two counts).

On November 8, 1990, the State Police arranged for an informant to make a drug buy with identified currency at the residence of defendant, who was the target of an ongoing investigation. The first attempt failed because defendant was unwilling to divide larger packets of cocaine into small saleable quantities without a scale. Defendant indicated that if the

informant could procure a scale, he would break down his cocaine to accommodate a sale. An hour and a half later at 5:00 P.M., the informant returned to defendant's residence with a triple-beam scale provided by the State Police. The informant made his purchase with identified currency and returned to the waiting police with the cocaine. Police officers gained entry into defendant's home without a warrant* through the unlocked front door and arrested him. Defendant sought to suppress the evidence seized from his person in the course of the warrantless arrest. After denial of his motion and during jury selection, defendant pleaded guilty to the entire indictment.

The sole issue raised by defendant on this appeal is whether sufficient exigent circumstances were present to justify the entry into defendant's home to effect a warrantless arrest (see, Payton v New York, 445 US 573, 583). We agree with Supreme Court that the prevailing circumstances justified a warrantless arrest. Defendant's arrest resulted from an ongoing investigation in which police received strong and reliable evidence that defendant had just committed a class B felony and that another class B felony was occurring, i.e., defendant had sold cocaine to the informant and was personally holding a sizeable quantity for sale. Prompt action was required to preserve evidence, which included the readily disposable recorded currency and a significant quantity of cocaine, similarly easily disposable and portable, both of which were then known to be on defendant's person. The action was also necessary to terminate an ongoing criminal enterprise. Although the police intended to develop evidence which would justify defendant's arrest, they lacked probable cause to make that arrest at the time they went into the field. The probable cause here which Supreme Court found present resulted from the undercover investigation, in what can aptly be called a fluid situation that required contemporaneous evaluation of the situation by the police and dictated that prompt police action was imperative. Exigent circumstances justified defendant's warrantless arrest within his residence and the search of his person pursuant to the lawful arrest was permissible (see, People v Clements, 37 NY2d 675, cert denied sub nom. Metzger v New York, 425 US 911; People v Rivera, 176 AD2d 373, lv denied 79 NY2d 831; People v Willsey, 144 AD2d 106, lv denied 73 NY2d 985; People v Thomas, 129 AD2d 910, lv denied 70 NY2d 657).

---

* The police had secured a search warrant for the premises earlier in the day prior to the informant's contacting of defendant. It was subsequently ruled invalid, and for purposes of this appeal considered a nullity.

Mercure, Cardona, White and Mahoney, JJ., concur. Ordered that the judgment is affirmed.

