■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NELSON RAMOS, Appellant. [613 NYS2d 870] —Judgment, Supreme Court, Bronx County (Harold Silverman, J., at suppression hearing; David Stadtmauer, J., at trial and sentence), rendered December 5, 1991, which convicted defendant, after a trial by jury, of criminal sale of a controlled substance in the third degree and sentenced him to a term of 4 to 12 years

in prison, unanimously reversed, the judgment vacated, defendant's motion to suppress property seized from him at his arrest granted, and the matter remanded for a new trial.

We find that defendant was improperly arrested without a warrant in premises in which he had a legitimate expectation of privacy and that the $10 in prerecorded buy money found on him at his arrest should therefore have been suppressed.

The evidence at the hearing showed that the apartment in which defendant was arrested shortly after he participated in a street sale of cocaine to an undercover officer was the home of his mother. While defendant did not reside there, both he and his wife had keys to the apartment, he stayed there with some frequency and he was authorized by his mother to keep an eye on the apartment while she was away. Indeed, the hearing court specifically found that defendant had a sufficient expectation of privacy in the premises to warrant suppression of the fruits of a warrantless search, including a scale and a quantity of marijuana. Contrary to the hearing court, we conclude that this expectation of privacy was also sufficient to render infirm his warrantless arrest therein in violation of *Payton v New York* (445 US 573; *see, Minnesota v Olson,* 495 US 91; *see also, People v Rice,* 168 AD2d 901, *lv denied* 77 NY2d 910).

At the outset, we find that there was a failure to establish that the entry by the officers, which was accomplished by means of a battering ram, was justified by reason of exigent circumstances. There was certainly no evidence that the police were in hot pursuit of a fleeing felon or that they were justifiably fearful that defendant was likely to destroy either any drugs which he might still possess or the $10 bill he had received from the undercover officer, as there was no indication that defendant even knew the police had him under surveillance *(see, People v Robert,* 156 AD2d 730, *lv denied* 76 NY2d 741; *cf., United States v Santana,* 427 US 38). Indeed, the undercover officer who followed defendant into the building after the sale indicated that defendant held the front door of the building open so that the officer could enter and that, on their way upstairs, the officer deliberately stayed far enough behind defendant so as not to arouse suspicion.

Moreover, there was no evidence indicating that defendant was armed or dangerous and no basis to believe he had any reason to escape or the means to do so in a way which would not result in his immediate apprehension. Finally, there was no testimony indicating that it. would have been especially

burdensome for the officers to have obtained a warrant before effecting the arrest on this weekday afternoon. While we recognize that the police did not know defendant's identity or where he lived, the prosecution made no effort to show that obtaining a warrant would have taken so long that it would not have been feasible for the officers to stake out the apartment for long enough to either obtain the warrant or until defendant departed on his own, thereby vitiating the warrant requirement. While it is true that the requirement in New York that an accusatory instrument be filed before an arrest warrant may be issued (CPL 120.20) makes the process of obtaining a warrant more cumbersome than it may be elsewhere, this cannot serve *carte blanche* as an excuse for violating a defendant's rights under the Federal Constitution.

While we hold that the property found on defendant during the search made pursuant to his arrest must be suppressed, that is, the $10 bill, contrary to defendant's argument, we do not find that suppression of the subsequent drive-by confirmatory identification by the undercover officer is required.

While a confirmatory identification would normally be suppressed if defendant had been unlawfully detained by the police *(see, People v Bolden,* 197 AD2d 528, 528-529, *lv denied* 82 NY2d 922), in this case, the only illegality attaching to defendant's arrest is that it was made after the police, without a warrant, improperly entered premises in which defendant had an expectation of privacy, notwithstanding that the record amply supports that the police had probable cause to make such arrest at that time. In this context, there would be no need to suppress the identification under the Fourth Amendment of the United States Constitution. The fact that the identification took place after the parties left the apartment sufficiently dissipated the taint of the warrantless entry *(see, New York v Harris,* 495 US 14).

With respect to the State Constitution, upon remand of *Harris,* the Court of Appeals determined that the New York Constitution requires that, when a defendant is arrested in violation of *Payton v New York (supra)* and its progeny, the court must suppress any evidence obtained in a manner which, had an arrest warrant been properly obtained and defendant's right to counsel thereby attached pursuant to New York's expansive right to counsel, would have been in violation of that right *(People v Harris,* 77 NY2d 434). Here, the only identification which took place was a confirmatory identification by the undercover officer who conducted the sale to ascertain that the police had arrested the proper person.

This confirmatory identification was merely an " 'ordinary and proper completion of an integral police procedure' " *(People v Maxwell,* 184 AD2d 661, 662, *lv denied* 80 NY2d 906; *People v Rivera,* 168 AD2d 305, *lv denied* 77 NY2d 910) and, even had defendant's right to counsel attached, counsel's presence would not have been required at such a proceeding. Thus, pursuant to the rationale of *People v Harris (supra),* such identification is not tainted by the warrantless arrest even under the New York State Constitution.

Since defendant's motion should have been granted to suppress the $10 bill found on him at his arrest, the matter must be remanded for a new trial.

Moreover, even dehors such suppression, a new trial would in any event be required because of the prosecution's failure to hand over certain *Rosario* material. Once the prosecution elicited testimony from the police officer detailing specifics concerning the other arrests made at the same time he arrested defendant, defense counsel was entitled, under *People v Rosario* (9 NY2d 286, *cert denied* 368 US 866), to receive the reports prepared by the witness relevant to those arrests. The court's determination, after an in camera inspection, that the documents concerning one of those arrests were not relevant to defendant's defense does not diminish counsel's right to review them and make such a determination for himself *(see, People v Perez,* 65 NY2d 154, 158; *People v Consolazio,* 40 NY2d 446, 454, *cert denied* 433 US 914). Concur—Sullivan, J. P., Rosenberger, Ellerin and Kupferman, JJ.