■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT TYRONE BLOOM, Appellant. [661 NYS2d 380] —Judgment unanimously affirmed. Memorandum: County Court erred in

denying the motion to suppress physical evidence seized from defendant following his warrantless arrest at his residence. "[S]earches and seizures inside a home without a warrant are presumptively unreasonable" (*Payton v New York*, 445 US 573, 586), and the People did not meet their burden of overcoming that presumption (*see, People v Vennor*, 176 AD2d 1217, 1218; *People v Cruz*, 149 AD2d 151, 159-160). The record does not support the court's determination that exigent circumstances justified the failure of the police to obtain a warrant. "There was certainly no evidence that the police were in hot pursuit of a fleeing felon" (*People v Ramos*, 206 AD2d 260, 261); the robbery occurred approximately 21 hours before the police observed defendant enter his residence. There is also no indication that defendant was aware of the presence of the police and therefore likely to escape or destroy evidence (*see, People v Ramos, supra*, at 261; *People v Vennor, supra*, at 1218; *People v Kilgore*, 170 AD2d 1008). The weapons used in the robbery had been recovered and there was no evidence that defendant was armed (*see, People v Ramos, supra*, at 261). Finally, the Chief of Police acknowledged that he could have obtained a warrant while other officers surrounded the house (*see, People v Ramos, supra*, at 262; *People v Vennor, supra*, at 1218).

Reversal is not required, however, because admission of the illegally obtained evidence is harmless error. The proof of guilt is overwhelming, and there is no reasonable possibility that admission of the fruits of the illegal arrest contributed to the conviction (*see, People v Williams*, 78 AD2d 558, *lv denied* 52 NY2d 839; *see also, People v Rivas*, 214 AD2d 996, *lv denied* 86 NY2d 801).

We reject the contention that defendant's right to be present at all material stages of the trial was violated when the court, with counsel present, conducted a hearing in defendant's absence on the possible disqualification of a sworn juror (*see, People v Aguilera*, 82 NY2d 23, 34; *People v Torres*, 80 NY2d 944, 945, *rearg denied* 81 NY2d 784; *People v Mardis*, 190 AD2d 866, 867, *lv denied* 81 NY2d 1076). The record does not support the further contention that defendant was denied his right to be present during the portion of voir dire conducted in chambers and at sidebar conferences with prospective jurors.

Defendant failed to preserve for our review his contentions that the court erroneously instructed the jury with respect to the burden of proof in its charge on reasonable doubt (*see, People v Robinson*, 88 NY2d 1001, 1001-1002) and the alibi defense (*see, People v Babis*, 202 AD2d 601, *lv denied* 83 NY2d 908; *People v Howard*, 153 AD2d 903, 905). We decline to

exercise our power to review those contentions as a matter of discretion in the interest of justice (see, CPL 470.15 [6] [a]). (Appeal from Judgment of Orleans County Court, Punch, J.—Robbery, 1st Degree.) Present—Green, J. P., Lawton, Doerr, Boehm and Fallon, JJ.