■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM FOSTER, Appellant. [666 NYS2d 79] —Judgment unanimously affirmed. Memorandum: Defendant contends that County Court erred in refusing to suppress evidence of a showup identification on the ground that it was the fruit of an unlawful entry into his apartment. We disagree. Police may enter private premises without a warrant if they have probable cause to believe that an occupant has committed a crime or that contraband will be found there, and if exigent circumstances justify the entry (*see, People v Clements*, 37 NY2d 675, *cert denied sub nom. Metzger v New York*, 425 US 911; *People v Anzalone*, 170 AD2d 397, *lv denied* 77 NY2d 991). The People established that defendant sold cocaine to an undercover officer and immediately went to his apartment with the buy money. The police could have reasonably concluded that defendant, in fear of police pursuit, would dispose of the marked buy money and any additional cocaine in his apartment and flee if they did not enter immediately. Thus, exigent circumstances justified their nonforcible entry into defendant's apartment approximately one minute after the transaction (*see, People v Gates*, 199 AD2d 629, 630, *lv denied* 83 NY2d 805; *People v Bradley*, 167 AD2d 249, *lv denied* 77 NY2d 836; *People v Jones*, 131 Misc 2d 873, 876-877).

We conclude that the verdict is not contrary to the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495). (Appeal from Judgment of Erie County Court, D'Amico, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Denman, P. J., Lawton, Wisner, Balio and Boehm, JJ.