FOURTH DEPARTMENT, JULY, 2000

(July 7, 2000)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL D. BROWN, Appellant. [710 NYS2d 504] —Judgment affirmed. Memorandum: Defendant contends that Supreme Court erred in denying his motion to suppress evidence seized from his residence. We disagree. Defendant moved to suppress the contraband (cocaine and money) seized by the police on the ground that the police unlawfully entered his home without a warrant and in the absence of exigent circumstances. In their responding papers, the People contended that the police lawfully seized the contraband that was in plain view and "which could be readily destroyed." At the pretrial suppression hearing, the parties did not address the issue of exigent circumstances; rather, the sole issue in dispute was whether the police were able to observe the contraband from their position at the front door to defendant's apartment. After visiting the premises, the suppression court determined that it was possible for the police to observe the contraband from their vantage point on the front porch, and thus the court denied defendant's suppression motion. On appeal, defendant does not dispute the court's determination that the police were able to observe the contraband inside his apartment from a lawful vantage point, but instead contends that their·observations did not justify the warrantless entry into his home. That contention lacks merit.

It is well established that "[p]olice may enter private premises without a warrant if they have probable cause to believe that an occupant has committed a crime or that contraband will be found there, and if exigent circumstances justify the entry" (*People v Foster*, 245 AD2d 1074, *lv denied* 91 NY2d 972; *see, People v Clements*, 37 NY2d 675, 678-679, *cert denied sub nom. Metzger v New York*, 425 US 911). The record at the suppression hearing establishes that the police had been informed by a third party that he had purchased cocaine at

defendant's residence earlier that evening. The third party showed the police the residence where he had purchased the cocaine, but there did not appear to be anyone present at that time. The police returned later that evening and knocked on defendant's front door. The police officers testified at the hearing that, when defendant answered the door, they were able to observe, from their vantage point at the front door of defendant's house, several baggies containing what appeared to be cocaine on top of the kitchen counter. Based upon that observation, the police had probable cause to believe that defendant had committed a crime in their presence and that contraband was present in the apartment. Although the People did not explicitly elicit testimony on the issue of exigency and the suppression court made no findings on that issue, it nevertheless is well known that persons who engage in drug trafficking will often attempt to dispose of the narcotics or to escape (see, People v Clements, supra, at 684-685; People v Seaberry, 138 AD2d 422, 422-423, lv denied 72 NY2d 866). Thus, the record adequately establishes that exigent circumstances justified the warrantless entry by the police into defendant's apartment to place defendant under arrest and seize the contraband in plain view (see, People v Kelly, 261 AD2d 133, lv denied 94 NY2d 824; People v Foster, supra; People v Raymond, 187 AD2d 463, lv denied 81 NY2d 793).

There is no merit to defendant's remaining contentions. The trial court properly charged the statutory presumption contained in Penal Law § 220.25 (2) (see, People v Ithier, 247 AD2d 203, lv denied 92 NY2d 854; People v de Jesus, 178 AD2d 180, 181, lv denied 79 NY2d 946; People v Westbrook, 177 AD2d 1039, 1040, lv denied 79 NY2d 866). In addition, the court properly permitted the police to testify concerning their reason for going to defendant's residence; that testimony provided "relevant background information explaining the police officers' actions" (People v Calderon, 251 AD2d 207, lv denied 92 NY2d 923; People v Casanova, 160 AD2d 394, lv denied 76 NY2d 786), and the court gave appropriate limiting instructions. The fact that defendant was sentenced after trial to a term of incarceration greater than that offered as part of the pretrial plea bargain does not render the sentence unduly harsh or severe.

The contentions raised in defendant's pro se supplemental brief have not been preserved for our review (see, CPL 470.05 [2]), and we decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (see, CPL 470.15 [6] [a]).

All concur except Scudder, J., who dissents and votes to reverse in the following Memorandum.

Scudder, J. (dissenting). I respectfully dissent. In my view, Supreme Court erred in denying the motion of defendant to suppress evidence seized at his residence because the People failed to establish that the warrantless arrest made in defendant's home was justified by exigent circumstances (*see, People v Vennor,* 176 AD2d 1217, 1219). The police had been informed by a third party that he had purchased drugs at the address of defendant's residence earlier that evening, and the police recovered empty baggies containing what appeared to be cocaine residue from the third party. The third party showed the police the apartment where he purchased the drugs. It appeared to the police that no one was at the residence at that time. When they returned to defendant's residence later that night, at approximately 1:15 A.M., two officers approached the door and two were stationed in the yard. The police knocked on the door but did not identify themselves. When defendant answered the door, the police observed what appeared to be cocaine in baggies on the kitchen counter. The police then entered the kitchen without defendant's consent, to obtain a better view of the items on the counter. Defendant and another occupant were arrested and the drugs were seized incident to the arrest. The court determined that the police could arrest defendant without a warrant because a crime was committed in the presence of the police, and thus that the seizure of the drugs, which were in plain view, was legal. I disagree.

"In terms that apply equally to seizures of property and to seizures of persons, the Fourth Amendment has drawn a firm line at the entrance to the house. Absent exigent circumstances, that threshold may not reasonably be crossed without a warrant" (*Payton v New York,* 445 US 573, 590; *see also,* CPL 140.15 [1], [4]). As the majority notes, the suppression hearing focused only on whether the police could see the items on the kitchen counter from the porch. I disagree with the majority, however, that this was the only issue in dispute. Although defendant contended in his motion papers that no exigent circumstances existed to justify the warrantless entry into his home, the People failed to present any evidence of exigent circumstances at the hearing, i.e., that defendant would dispose of the drugs or that he presented a risk of flight (*cf., People v Foster,* 245 AD2d 1074, *lv denied* 91 NY2d 972; *People v Gates,* 199 AD2d 629, 630, *lv denied* 83 NY2d 805). Furthermore, although the evidence at the hearing established that the police went to defendant's residence on two occasions, the People

"made no effort to show that obtaining a warrant would \* \* \* not have been feasible" (*People v Ramos*, 206 AD2d 260, 262; *see also, People v Bloom*, 241 AD2d 975, 976, *lv denied* 90 NY2d 938). "There is no indication on this record that defendant was aware of the presence of police [prior to their arrival at his door] and therefore likely either to escape or to destroy \* \* \* [the] cocaine" (*People v Vennor*, 176 AD2d 1217, 1218). Instead, the evidence established only that the police entered defendant's residence to obtain a better view of the items on the counter. Thus, the People failed to meet their burden of establishing that the warrantless entry into defendant's home was justified by exigent circumstances (*see, People v Bloom, supra,* at 976; *People v Vennor, supra,* at 1219; *cf., People v Foster, supra*). Moreover, the court made no finding of exigent circumstances.

The majority infers that exigent circumstances existed based upon its knowledge that persons who engage in drug trafficking will attempt to dispose of the drugs or attempt to escape. In this case, the majority has in effect relieved the People of their burden to establish exigent circumstances (*see, People v Vennor, supra,* at 1219), and relieved the suppression court of its role to determine whether the People have sustained their burden. Thus, "[b]ecause the People failed to sustain their burden of demonstrating the applicability of any exception to the warrant requirement, defendant's motion to suppress the cocaine \* \* \* should have been granted" and the indictment dismissed (*People v Vennor, supra,* at 1219; *see also, People v Harris,* 77 NY2d 434, 435-436). (Appeal from Judgment of Supreme Court, Monroe County, Cornelius, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Pigott, Jr., P. J., Pine, Scudder and Lawton JJ.