■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN KILGORE, Appellant. [801 NYS2d 458]—

Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered June 27, 2003. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is reversed on the law, that part of the motion seeking to suppress physical evidence is granted, the indictment is dismissed, and the matter is remitted to Onondaga County Court for proceedings pursuant to CPL 470.45.

Memorandum: On appeal from a judgment convicting him, following a jury trial, of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and criminal possession of a controlled substance in the fourth degree (§ 220.09 [1]), defendant contends that County Court erred in denying that part of his motion seeking to suppress physical evidence seized by the police following a warrantless entry into his apartment. We agree. It is firmly established that "police officers need either a warrant or probable cause plus exigent circumstances in order to make a lawful entry into a home" (*Kirk v Louisiana*, 536 US 635, 638 [2002]; *see Payton v New York*, 445 US 573, 589-590 [1980]; *People v Brown*, 274 AD2d 941 [2000], *affd* 95 NY2d 942 [2000]). "Although not to be taken as a rigid formula, the following factors should be considered in determining whether exigent circumstances exist: (1) the gravity or violent nature of the offense; (2) whether there is reason

to believe the suspect is armed; (3) whether there is a clear showing of probable cause; (4) whether there is strong reason to believe the subject is in the premises being entered; (5) the likelihood the suspect will escape if not swiftly apprehended; and (6) the peaceful circumstances of the entry" (*People v Burr,* 124 AD2d 5, 8 [1987], *affd* 70 NY2d 354 [1987], *cert denied* 485 US 989 [1988]; *see People v Green,* 103 AD2d 362, 363-364 [1984], *lv denied* 64 NY2d 760 [1984]). Although the alleged victim herein reported to the police that she had been raped, there was no indication that defendant was armed. Additionally, the alleged victim told the police that she left defendant's apartment after defendant had fallen asleep, and thus there was no suggestion that defendant would have escaped if not swiftly apprehended. Under the circumstances of this case, we conclude that the warrantless entry was not justified by exigent circumstances and that the court therefore should have granted that part of the motion of defendant seeking to suppress the physical evidence seized by the police from his apartment following their warrantless entry therein.

We have considered defendant's remaining contentions and conclude that they are without merit.

All concur except Hayes, J., who dissents and votes to affirm in thefollowing memorandum.

Hayes, J. (dissenting). I respectfully dissent and would affirm. I disagree with the majority's conclusion that the warrantless entry into defendant's apartment was not justified by exigent circumstances. The police testified at the suppression hearing that a woman came to them at 6:30 A.M. and reported that she had been raped by a man between 1:00 A.M. and 6:00 A.M. that morning, at his apartment. The victim described her attacker and his apartment, and she told the police that she waited until her attacker fell asleep and then ran from the apartment building. The police went to the apartment building and gave a description of the perpetrator to one of the tenants, who indicated that defendant matched that description. The police approached defendant's door and found the door ajar. According to the testimony of one of the officers, he heard what sounded like someone in respiratory distress, and he knocked on the door several times but received no response. The officer pushed open the door and observed that the apartment matched the description given by the victim. The officer found defendant lying naked on a mattress on the floor and, when the officer shook defendant's leg, defendant woke up.

The majority sets forth the various factors to consider in determining whether exigent circumstances justify a warrant-

less entry into a home (*see People v Burr*, 124 AD2d 5, 8 [1987], *affd* 70 NY2d 354 [1987], *cert denied* 485 US 989 [1988]), and I shall not repeat them here. In my view, the warrantless entry into defendant's apartment was justified by exigent circumstances, and thus County Court properly denied that part of the motion of defendant seeking to suppress physical evidence seized from his apartment (*see People v Arriaga*, 309 AD2d 544 [2003], *lv denied* 1 NY3d 624 [2004]; *People v Mason*, 248 AD2d 751, 754-755 [1998]; *People v Jackson*, 203 AD2d 956, 956-957 [1994], *lv denied* 84 NY2d 827 [1994]; *People v Williams*, 181 AD2d 474, 475-476 [1992], *lv denied* 79 NY2d 1055 [1992]). A violent offense had been reported, i.e., a rape, and the police had probable cause to believe that defendant had committed the offense. The police had "strong reason to believe" that defendant was inside the apartment, based on the statement of the victim that her attacker was asleep when she left the apartment and the sounds heard by one of the officers coming from inside the apartment (*Burr*, 124 AD2d at 8). Although there was no specific evidence that defendant would attempt to escape, "there [also] is no indication that he was not seeking to escape" (*People v Green*, 103 AD2d 362, 364 [1984]). The police entered the apartment peacefully through the apartment door, which was left ajar. Thus, in my view, the court properly refused to suppress the physical evidence seized from defendant's apartment. I otherwise agree with the majority that defendant's remaining contentions are without merit. Present—Green, J.P., Martoche, Pine, Lawton and Hayes, JJ.