THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROY ELLISON, JR., Appellant. [848 NYS2d 499]—

Appeal from a judgment of the Supreme Court, Monroe

County (Joseph D. Valentino, J.; suppression hearing Kenneth R. Fisher, J.), rendered June 14, 2004. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the third degree and criminal sale of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law, that part of the motion seeking to suppress physical evidence is granted and a new trial is granted on counts one and two of the indictment.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and criminal sale of a controlled substance in the third degree (§ 220.39 [1]). The facts are essentially undisputed. An undercover officer met an individual on the street outside defendant's small studio apartment, and the undercover officer was taken into defendant's apartment by that individual and purchased four $10 bags of cocaine. While inside the apartment, the officer observed 20 to 30 small clear plastic bags of what appeared to be cocaine on a coffee table. After returning to the same street corner, approximately 60 to 80 feet from the front door of defendant's apartment, the individual who assisted the undercover officer in the purchase of the drugs was immediately taken into custody by officers in a marked police vehicle. Approximately 10 minutes later, the police executed a "breach and hold" operation by forcibly opening the door to defendant's apartment with a battering ram and securing the individuals inside, including defendant, until a search warrant could be obtained. When the undercover officer notified the other officers at defendant's apartment that a search warrant had been obtained, but before he had returned to defendant's apartment with the warrant, the other officers began to search defendant's apartment. They found five small bags of cocaine, the $40 in prerecorded buy money used by the undercover officer, $110 in cash, glassine envelopes, defendant's photo identification and mail bearing defendant's name.

Defendant contends that Supreme Court erred in denying that part of his omnibus motion seeking to suppress the physical evidence seized from his apartment because the warrantless entry was not justified by exigent circumstances. We reject that contention. After the undercover officer purchased the four bags of cocaine, the police knew that an additional amount of cocaine was in the apartment and that the apartment was occupied by at least three persons. Defendant's accomplice was arrested only 60 to 80 feet from the front door of the apartment,

which had windows facing the area where he was taken into custody. It "is well known that persons who engage in drug trafficking will often attempt to dispose of the narcotics or to escape" (*People v Brown*, 274 AD2d 941, 942 [2000], *affd* 95 NY2d 942 [2000]), and thus the police could have reasonably believed that the individuals in the apartment would dispose of the additional cocaine and buy money following the accomplice's arrest unless they immediately secured the apartment (*see id.; People v Foster*, 245 AD2d 1074 [1997], *lv denied* 91 NY2d 972 [1998]; *People v Gates*, 199 AD2d 629, 630 [1993], *lv denied* 83 NY2d 805 [1994]).

We agree with defendant, however, that the court should have suppressed the physical evidence seized by the police during the search of his apartment, on the ground that the officers at the apartment began to search the premises without the requisite knowledge of the contents of the warrant (*see People v Okun*, 135 AD2d 1064, 1065-1066 [1987]; *People v Carson*, 99 AD2d 664, 665 [1984]). Although the officers were permitted to enter defendant's residence once they learned that the warrant was issued and was en route (*see People v Mahoney*, 58 NY2d 475, 479 [1983], *rearg denied* 59 NY2d 968 [1983]), here they exceeded their authority by beginning to search defendant's apartment before the undercover officer arrived at the apartment with the search warrant (*see Carson*, 99 AD2d at 665). Contrary to the People's contention, there is no evidence that the supervising sergeant was aware of the actual contents of the warrant after it was signed by the issuing judge. The fact that the judge signed the warrant as presented and placed no limitations on it cannot in hindsight be used to support the People's contention that the officers at defendant's apartment were aware of the contents of the warrant as issued by the judge. Further, the fact that the warrant may have been what the People characterize as "a routine search warrant application" does not provide the police with the requisite knowledge of its contents in order to begin a search before having the warrant in hand.

The evidence remaining after suppression is, however, enough for the People to present a legally sufficient case. Thus, the remedy is a new trial and not dismissal of the indictment (*see* CPL 470.20 [1]; *People v Perkins*, 189 AD2d 830, 832-833 [1993]).

In light of our determination, we need not reach defendant's remaining contentions. Present—Scudder, P.J., Martoche, Smith, Lunn and Pine, JJ.