■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD WEEKS, Appellant.—Judgment, Supreme Court, Bronx County (Edward Davidowitz, J.), rendered May 7, 1987, convicting defendant of robbery in the first degree, burglary in the second degree and assault in the second degree, and sentencing him as a second violent felony offender to concurrent indeterminate terms of imprisonment of from 9½ to 19 years, 4 to 8 years, and 2½ to 5 years, respectively, to run consecutively to an indeterminate term of from 2½ to 5 years on an unrelated conviction, unanimously affirmed.

Viewing the evidence adduced at trial in the light most favorable to the People, we find that it was more than legally sufficient to support the conviction. Within several minutes of their breaking and entering into a theatre where they beat and robbed a porter, defendant and his accomplice, McNeil, were promptly and properly identified as the perpetrators. Moreover, a watch stolen from the porter was recovered from defendant. The blue bag which McNeil had been carrying was found at the arrest scene.

We find that the court's *Sandoval* ruling which, *inter alia,* permitted the prosecution to cross-examine defendant with respect to two prior burglary-related convictions, but not as to their underlying facts, to have been a proper exercise of discretion. *Sandoval* was never intended to provide a defendant with an immunity from having his credibility impeached by virtue of his having developed a specialized field of criminal endeavor. *(People v Rahman,* 62 AD2d 968, *affd* 46 NY2d 882.)

Defendant's unpreserved claim that he was denied a fair trial because of the prosecutrix' summation remarks concerning the nonrecovery of seven tokens stolen from complainant is, in any event, without merit. The prosecutrix' remarks were, to some extent, a fair response to defendant's summation. *(See, People v Marks,* 6 NY2d 67.)

Defendant's other remaining contentions concerning the prosecutrix' summation remarks, although not preserved for appellate review, are of a more disturbing nature. It was blatantly improper for the prosecutrix to suggest that the victim's inability to make an in-court identification was due to fear, not an inability to recognize, especially since the People had been permitted, pursuant to CPL 60.25, to introduce third-party testimony about a prior out-of-court identification by the victim. Third-party testimony of a prior out-of-court identification may not be admitted where the eyewitness's failure to make an in-court identification is predicated on fear. *(People v Bayron,* 66 NY2d 77, 81-82.) Thus, the People would have it both ways, utilizing the CPL 60.25 exception based on the victim's present inability to recognize the perpetrator and, at the same time, suggesting that the victim's failure to make an identification was due to fear. It was also improper to exploit the concession as to McNeil's plea, offered solely as evidence that McNeil was aided by another person actually present, to argue that defendant was that accomplice: "Remember the concession and I am sure that will be very illuminating as to who was actually present." Were the proof

of guilt less compelling, we would reverse for such prosecutorial excesses.

Finally, we find defendant's sentence fair and appropriate under the circumstances. *(See, People v Suitte,* 90 AD2d 80.) Concur—Sullivan, J. P., Carro, Wallach, Smith and Rubin, JJ.