■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVIN CUNNINGHAM, Appellant.—Judgment of the Supreme Court, New York County (Frank Blangiardo, J.), rendered July 22, 1987, convicting defendant, after jury trial, of third degree grand larceny and sentencing him to a prison term of from 2 to 4 years, unanimously affirmed.

The evidence adduced at trial established beyond a reasonable doubt that defendant stole a ring from a decoy unit transit officer. The court was correct in its *Sandoval (People v Sandoval,* 34 NY2d 371) ruling with respect to 1981 convictions for second degree robbery and for sexual abuse involving

six different victims. The court ruled that inquiry into the facts underlying the robbery conviction would be permitted but that any reference to the sexual abuse conviction would be unduly prejudicial. As to the robbery conviction, defendant has not met his burden "of demonstrating that the prejudicial effect of the admission of evidence thereof for impeachment purposes would so far outweigh the probative worth of such evidence on the issue of credibility as to warrant its exclusion" *(People v Sandoval, supra,* at 378). As this court has observed, "that a defendant may specialize in one type of illegal activity * * * does not *ipso facto* shield such defendant from having prior convictions used to impeach his credibility" *(People v Rahman,* 62 AD2d 968, *affd* 46 NY2d 882; *see also, People v Weeks,* 156 AD2d 133). The court cannot be said to have abused its discretion in permitting reference to a similar, prior offense for purposes of impeachment.

Defendant's contention that the court's closing instructions deprived him of a fair trial is without merit. In view of the overwhelming evidence of defendant's guilt, any error is harmless beyond a reasonable doubt *(People v Crimmins,* 36 NY2d 230). Concur—Kupferman, J. P., Carro, Milonas, Ellerin and Rubin, JJ.