■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER BYAS, Appellant.—Judgment, Supreme Court, New York County (Harold Rothwax, J., at Wade hearing, jury trial and sentence) convicting defendant of four counts of robbery in the first degree, and sentencing him as a predicate felony offender to consecutive terms of 12½ to 25 years imprisonment on each count, commencing upon defendant's completion of outstanding concurrent sentences on two prior Bronx County robbery convictions, unanimously affirmed.

Defendant knowingly and voluntarily waived his right to be present at the hearing and trial by his abusive behavior directed toward his appointed counsel and the court, by insisting that he did not wish to be present, and by stating that he would continue to "act up" if compelled to remain in the courtroom (Snyder v Massachusetts, 291 US 97).

The trial court properly denied defendant's eleventh hour

application for a substitution of attorneys after reviewing the matter in detail and determining that defendant's attack on the experienced trial counsel's competence was meritless. Reviewing the evidence, the law, and the circumstances of the case, it is clear that defense counsel rendered comprehensive and vigorous advocacy on behalf of defendant, which admirably comported with accepted standards for effective assistance of counsel *(see, People v Baldi,* 54 NY2d 137).

Likewise without merit is defendant's claim that the hearing court erroneously denied his application to call the complainants to testify at the *Wade* hearing. As the hearing court noted, there were no indicia that the identification procedures were suggestive in any way, and in such circumstances defendant does not have an absolute right to call a complainant *(see, e.g., People v Peterkin,* 75 NY2d 985).

Evidence adduced at trial presented overwhelming proof of defendant's guilt in four knifepoint robberies during a six-week period, during which he threatened the lives of the female victims and two children who happened to accompany two of the victims. Combined with the trial court's review at sentencing of defendant's probation report and extensive prior violent criminal history, we perceive no abuse of discretion by the trial court in imposing sentence *(see, e.g., People v Junco,* 43 AD2d 266, *affd* 35 NY2d 419, *cert denied* 421 US 951). However, we note that pursuant to the provisions of Penal Law § 70.30, the aggregate of the four consecutive sentences imposed upon defendant will be deemed, automatically, to constitute a minimum of 25 years and a maximum of 50 years imprisonment (Penal Law § 70.30 [1] [c] [iii]; *see also, People v Moore,* 61 NY2d 575). Concur—Rosenberger, J. P., Wallach, Kupferman, Kassal and Smith, JJ.