■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID BROOKS, Appellant.—Judgment, Supreme Court, New York County (Harold Rothwax, J.), rendered March 29, 1989, convicting defendant, after a jury trial, of seven counts of rape in the first degree and two counts of endangering the welfare of a child and sentencing him to seven consecutive indeterminate terms of from 8⅓ to 25 years imprisonment to be served

concurrently with two one year terms of imprisonment, respectively, unanimously affirmed.

Order of the same court and Justice, dated May 16, 1990, which denied defendant's motion to vacate his judgment of conviction pursuant to CPL 440.10, unanimously affirmed.

Viewing the evidence in the light most favorable to the prosecution and giving it the benefit of every reasonable inference *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), we find that the evidence was sufficient as a matter of law to support the verdict finding defendant guilty of the repeated forcible rape of his eight year old daughter, Christina, and the repeated beating of both Christina and her six year old sister, Catherine, between December of 1986 and December of 1987. Moreover, upon an independent review of the facts, we find that the verdict was not against the weight of the evidence. *(People v Bleakley,* 69 NY2d 490.)

The defendant's exclusion from the courtroom during the testimony of the two child witnesses was a proper exercise of the court's discretion. We find that defendant waived his right to be present at trial, by deliberately and repeatedly, on four separate occasions, disrupting the proceedings. It was not until the court had warned the defendant that he would be removed if he continued his abusive behavior, that the court directed that the defendant be so removed from the courtroom *(People v Byrnes,* 33 NY2d 343, 349; *People v Byas,* 173 AD2d 314, *lv denied* 78 NY2d 1126).

Similarly, we find that the trial court properly determined, after extensive, separate, voir dires that the child witnesses, ages 10 and 8, respectively, were competent to testify under oath at trial. The voir dires unequivocally established that they fully understood the nature of the testimonial oath and had the intelligence and capacity to testify truthfully, thereby satisfying the statutory requirements of CPL 60.20 (2) *(People v Parks,* 41 NY2d 36, 46; *People v Nisoff,* 36 NY2d 560, 565-566).

Moreover, the record supports the *Huntley* hearing court's finding that the defendant's statement to a caseworker for Special Services for Children, assigned to investigate the defendant's suspected child abuse, was freely and voluntarily given within the meaning of CPL 60.45, and was therefore admissible. The caseworker was not required to advise the defendant of his *Miranda* rights before speaking with him, since the filing of a child abuse petition did not trigger the defendant's right to counsel and, in any event, the caseworker

was not engaged in law enforcement activity *(People v Smith,* 62 NY2d 306).

Finally, in view of the heinous nature of the defendant's crimes and the defendant's extensive criminal background, we do not find the sentence imposed to have been unduly harsh.

We have considered defendant's remaining arguments, including his *pro se* contentions, and find them to be without merit. Concur—Carro, J. P., Milonas, Ellerin and Ross, JJ.