■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES BROWN, Also Known as C. BROWN, Appellant. [604 NYS2d 100] —Judgment, Supreme Court, Bronx County (John E. H. Stackhouse, J.), rendered January 10, 1992, convicting defendant, after a jury trial, of assault in the first degree, and sentencing him, as a second felony offender, to a term of 7½ to 15 years, unanimously affirmed.

Minutes after defendant shot the victim, he was arrested while fleeing from the scene by a police officer who recovered from defendant's person the still warm two-shot derringer. Thereafter, as the victim was being removed by ambulance, he identified defendant.

We reject defendant's contention that Criminal Term erred in not admitting into evidence the officer's UF-61, which mistakenly indicated that the derringer had been recovered from co-defendant Amar Gilbert, rather than from defendant,

since we find that defense trial counsel did not lay a proper foundation for its admission. In any event, defendant was not prejudiced by the ruling since the jury was apprised of its contents *(People v Adams,* 72 AD2d 156, 161, *affd* 53 NY2d 1, *cert denied* 454 US 854).

Defendant's contention that Criminal Term improperly interfered with defendant's cross-examination of the People's witnesses is without merit. Rather, the court's participation simply served "to keep the proceedings within the reasonable confines of the issues and to encourage clarity rather than obscurity in the development of proof" *(People v Moulton,* 43 NY2d 944, 945).

Nor is there merit to defendant's contention that the court's *Rosario* sanction for the loss of the scratch copy of Officer Whitney's UF-61 was inadequate. The court delivered an adverse inference charge against the People, eliminating thereby any possibility of prejudice to the defendant *(see, People v Franco,* 189 AD2d 589, *lv denied* 81 NY2d 970).

We have considered the remaining contentions of defendant, and find them to be without merit. Concur—Sullivan, J. P., Carro, Rosenberger, Ross and Asch, JJ.