◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER BYAS, Appellant. [621 NYS2d 579] —Judgments, Supreme Court, Bronx County, rendered November 1, 1988, after a jury trial (Ivan Warner, J.), rendered April 24, 1989, after a jury trial (Joseph Cerbone, J.), and rendered June 19, 1989 (William Wallace, III, J.), upon defendant's pleas of guilty, convicting defendant of 11 counts of robbery in the first degree, and sentencing him, as a second felony offender, to three concur-

rent terms of 7 to 14 years and eight concurrent terms of 12½ to 25 years, unanimously affirmed.

Defendant waived the right to be present at trial by continuing in his obstreperous behavior after the trial court warned him that he would be removed if he persisted in disrupting the proceedings, and refusing to return to the courtroom on three separate occasions (People v Byas, 173 AD2d 314, lv denied 78 NY2d 1126). Nor did defendant demonstrate "good cause" for substitution of counsel prior to opening statements in claiming that his attorney had not "helped" him in encouraging him to consider a plea instead of going to trial on charges involving 21 robberies (see, People v Sides, 75 NY2d 822, 824; People v Newell, 200 AD2d 451). The court's direction to defense counsel to read the four questions and answers of a witness' prior testimony that followed the one question referred to by counsel, " 'encourage[d] clarity rather than obscurity in the development of proof' " and was otherwise a proper exercise of discretion (People v Brown, 199 AD2d 11, 12, lv denied 83 NY2d 849). We have considered defendant's remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Wallach, Kupferman and Ross, JJ.