■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROOSEVELT TERRY, Appellant. [626 NYS2d 766] —Judgment, Supreme Court, New York County (Harold Rothwax, J., at suppression hearing; Mary McGowan Davis, J., at trial and sentence), rendered October 15, 1992, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 6 to 12 years, unanimously affirmed.

Defendant failed to show that the prejudicial effect of im-

peachment testimony outweighed the probative value of the evidence on the issue of credibility with respect to the court's ruling that the prosecutor could inquire as to whether he had been convicted of a misdemeanor in 1989, elicit the facts of a 1983 attempted robbery conviction, and elicit the facts of a 1986 Florida grand theft conviction *(see, People v Cunningham,* 160 AD2d 239, 240, *lv denied* 76 NY2d 786). In reaching a compromise *Sandoval* ruling, the court properly balanced its decision by excluding inquiry with respect to the firing of shots during defendant's flight from the 1983 attempted robbery and the defendant's admission that he possessed a gun.

Further, the court properly delayed its decision on how the prosecutor could term the 1986 Florida conviction since "the court is required only to delineate the crimes which may be used for impeachment purposes" *(People v Webb,* 159 AD2d 289, *lv denied* 76 NY2d 744).

Defendant's *pro se* claim that he was denied effective assistance of counsel because defense counsel did not raise an agency defense is meritless. The issue is unreviewable on this record and defendant did not raise it in a CPL article 440 motion. Moreover, no reasonable view of the evidence supports the agency defense where the defendant did not know the undercover officer, solicited the sale, and exhibited other salesmanlike behavior *(see, People v Roche,* 45 NY2d 78, 83, 86, *cert denied* 439 US 958; *People v Herring,* 83 NY2d 780). Defense counsel filed lengthy omnibus motions seeking additional discovery, a *Wade* hearing, and a *Sandoval* hearing and prepared an adequate defense. Defendant's claim that he was denied his right to testify before the Grand Jury, even if true, would not warrant reversal since an attorney's failure to secure his client's right to testify before the Grand Jury does not suffice to demonstrate ineffectiveness *(see, People v Bundy,* 186 AD2d 357, *lv denied* 81 NY2d 837).

We find defendant's other *pro se* claims equally meritless. Concur—Murphy, P. J., Rubin, Ross, Williams and Tom, JJ.