■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AUGUSTINE OCASIO, Appellant. [628 NYS2d 651] —Judgment, Supreme Court, Bronx County (Stephen Lloyd Barrett, J.), rendered July 15, 1993, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of $4^1/2$ to 9 years, unanimously affirmed.

Summary denial of the *Dunaway/Wade* branch of defendant's suppression motion was proper since the undercover police officer's confirmatory identification in this "buy-and-bust" operation preceded defendant's arrest, and hence was not suppressible as the fruit of an illegal arrest (CPL 710.60 [3] [b]; *People v Rivera*, 168 AD2d 305, *lv denied* 77 NY2d 910; *see also*, *People v Mendoza*, 82 NY2d 415, 422).

In addition, since the undercover police officer testified at the *Hinton* hearing that he was still active in that capacity in the specific area where defendant was arrested, the courtroom was properly closed during his testimony (*People v Martinez*, 82 NY2d 436, 443). The issue whether defendant's wife should have been exempted from the closure order has not been preserved as it was not raised until after the *Hinton* hearing (*see*, *People v Bouche*, 208 AD2d 445, *lv denied* 84 NY2d 1009). Concur—Sullivan, J. P., Rubin, Asch and Williams, JJ.