■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY JACKSON, Appellant. [635 NYS2d 609] —Judgment, Supreme Court, New York County (Edward Sheridan, J.), rendered July 7, 1993, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to $5^1/2$ to 11 years, unanimously affirmed.

The trial court properly exercised its discretion in denying defendant's request for new counsel made in the course of jury selection, where the basis for defendant's application was counsel's perceived inability to obtain a more lenient plea offer (*People v Byas*, 211 AD2d 562). Defendant's complaint about the closure of the courtroom during the undercover officer's testimony is unpreserved (*People v Brown*, 216 AD2d 100), and we decline to review it in the interest of justice. Were we to review it, we would find that closure was proper since the officer continued to work in an undercover capacity in the specific area where the sale in question occurred, and feared for his safety while he worked there (*People v Ocasio*, 216 AD2d 157; *People v Tineo*, 212 AD2d 407, *lv denied* 85 NY2d 981).

The court's ruling that if defendant were to testify, the prosecutor would be allowed to question him about only four of his 26 convictions, including the facts underlying a 1983 attempted robbery conviction, was a proper exercise of discretion (*People v Brown*, 188 AD2d 288, *lv denied* 81 NY2d 837; *People v Terry*, 215 AD2d 199, *lv denied* 86 NY2d 803).

Defendant was not entitled to be present when the court asked potential jurors about scheduling, language or health problems, and any hardship that might result from sequestration (*see, People v Sprowal*, 84 NY2d 113, 117).

We find that the verdict was not against the weight of the evidence.

We have considered defendant's remaining contentions, and find them to be without merit. Concur—Wallach, J. P., Kupferman, Ross, Williams and Tom, JJ.